J. Y. DAVIS v. THE STATE.

No. 517.   Decided March 9, 1910.

**1.—Aggravated Assault—Motion for New Trial—Practice on Appeal.**

Upon appeal from a conviction of aggravated assault, where the motion for new trial simply complained that the court erred in his first, second and other paragraphs of his charge, the same was too general to be considered.

**2.—Same—Argument of Counsel—Punishment.**

Upon trial of aggravated assault, where the evidence showed that defendant, who was in the vigor of health and manhood, committed an assault and battery on his old and decrepit father, there was no error in the argument of State's counsel in insisting upon a conviction which included confinement in the county jail.

**3.—Same—Punishment not Excessive.**

Where, upon trial for aggravated assault, defendant was punished by a fine of $25 and ninety days confinement in the county jail, the same was not excessive, in view of the evidence that the party assaulted was an old and decrepit man, and defendant, his son, in the vigor of health and manhood.

Appeal from the County Court of Burnet. Tried below before the Hon. J. G. Cook.

Appeal from a conviction of aggravated assault; penalty, $25 and ninety days confinement in the county jail.

The opinion states the case.

*Ike D. White,* for appellant.—On question of argument of counsel: Crawford v. State, 15 Texas Crim. App., 501; Conn v. State, 11 Texas Crim. App., 390; Gazley v. State, 17 Texas Crim. App., 267; Fuller v. State, 30 Texas Crim. App., 559, 17 S. W. Rep., 1108; House v. State, 19 Texas Crim. App., 227; Brown v. State, 23 Texas, 195; Seiwert v. State, 51 Texas Crim. Rep., 404, 103 S. W. Rep., 932.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was prosecuted on information in the court below for an aggravated assault committed upon the person of

one R. W. Davis, who was then and there a person aged and decrepit and appellant a person of robust health and strength, his punishment being assessed at a fine of $25 and ninety days in jail.

The proof discloses that the prosecuting witness, R. W. Davis, was a man seventy-five years old; had been a cripple all his life, had to walk on two sticks and was barely able to wait on himself. The appellant was shown to be his son, a man of robust health, a man about forty-five years of age, six feet high and weighing 180 pounds. The testimony is uncontroverted that he slapped his father in the face, threw a pan of dirty water in his father's face, and then grabbed his father's stick and swore he would beat his brains out. The wife of the prosecuting witness, and the mother of appellant, testified to some mitigating circumstances connected with the matter, and testified that her son did not strike his father with the stick, but that he did slap his father; that she stepped in between the father and son and took the stick away from her son, who had taken it from his father.

The court submitted the case to the jury on aggravated assault alone. The grounds of the motion for new trial can not be considered as they are too general. This court can not consider a motion for new trial that simply complains that the court erred in the first, second, third, fourth, fifth, sixth and seventh paragraphs of his charge. It does not point out how, or in what manner the charge was incorrect.

We find in the record one bill of exceptions which recites that while Mr. Hammond, who was the private prosecutor, was making his closing argument in said cause in behalf of the State, he used the following language: "Gentlemen of the jury, we do not want you to punish the defendant by a pecuniary fine. A pecuniary fine will do no good, it will be no punishment to him; his mother, who has been taking such an active part in his defense, will pay the fine," etc. Appellant objected to this argument, as there was no testimony in the record that appellant's mother would have to pay any fine assessed against him, appellant; that there was no evidence that a pecuniary fine would not be a punishment and that said argument was unfair to appellant. And further, that he requested the court to charge the jury and to instruct the jury that they must disregard such argument, and not permit the said remarks of counsel to influence them in any manner in their deliberations, nor to influence them in assessing the punishment against the appellant. The court permitted this argument over the objection of the appellant and also refused to give the charge asked. In permitting the argument and in refusing to instruct the jury not to consider same, we are of opinion the court did not err. The punishment assessed by the jury was not excessive, taking into consideration the fact that the injured party was a very old and decrepit man, and that his son was in the vigor of healthy manhood. Instead of assaulting his father he should have gone away if the language of his father had a tendency to wound his feelings, and to assault him, as he did, not only showed a want of respect for age, but a total absence of that affec-

tion, feeling and sympathy that should exist between child and parent. The record discloses that appellant's mother and the wife of the injured party was in sympathy with appellant in this trial. We think it is a legitimate line of argument to refer to her sympathy and feelings toward the appellant instead of her husband and partner for life. Counsel had a right to refer to this matter and to tell the jury that a pecuniary fine would not reach the defendant and could not satisfy justice for the assault committed upon his father. We, therefore, are of opinion that no error was committed in the trial of the case in the court below and that the judgment should in all things be affirmed, which is accordingly done.

*Affirmed.*