## GUY WRIGHT v. THE STATE.

### No. 1379. Decided November 22, 1911.

**1.—Burglary—Private Residence.**

Where the defendant was charged with both a daytime burglary and a night-time burglary of a private residence, both of which counts were submitted to the jury, and the evidence showed a daytime burglary, of which defendant was convicted, he could not complain of the court's failure to submit the night-time burglary of a private residence.

**2.—Same—Separate Offense.**

The burglary of a private residence in the daytime is punishable as an ordinary burglary, and it is only when the entry is made in the night-time of such residence that it becomes a separate and distinct offense.

**3.—Same—Lower Punishment—Sundown.**

Where there was testimony that the burglary occurred more than thirty minutes after.sundown, and also testimony that the offense did not occur more than thirty minutes after sunset, and the jury gave the defendant the reasonable doubt and convicted him of a daytime burglary, which carries a lower punishment than a night-time burglary, he could not complain, where both counts were submitted.

**4.—Same—Evidence—Declarations of Defendant.**

Where the codefendant was under arrest when defendant made his declarations when not under arrest with reference to the stolen property, there was no error in admitting them, as well as those of his codefendant, in reply thereto in defendant's presence, in evidence.

**5.—Same—Evidence—Identification—Harmless Error.**

Where, upon trial of burglary, the alleged stolen property was identified by other evidence, there was no error in admitting the statement of a witness, that the witnesses who identified the property told the witness that this was stolen property; besides, the defendant admitted this, but claimed that he was holding the property for another, and the error, if any, was harmless.

**6.—Same—Evidence—Confession—Objections.**

Objections to evidence come too late when first presented in the motion for new trial, and where the exceptions to the confession were based upon other grounds than those presented in the motion for. new trial, they could not be considered on appeal.

**7.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of burglary, the defendant was found in possession of the alleged stolen property and confessed the burglary, .there was no error in the court's failure to charge on circumstantial evidence.

**8.—Same—Charge of Court—Objections.**

An objection that the court erred in certain paragraphs of his charge is too general to be considered. Following Kubacak v. State, 59 Texas Crim. Rep., 165, and other cases.

**9.—Same—Practice on Appeal.**

Where no errors are pointed out in the charge of the court in the motion for new trial, and no bills of exception reserved to evidence, or special charges requested, there was no error.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Roach & Sharp,* for appellant.—On question of day and night-time burglary and private residence: Brisco v. State, 27 Texas Crim. App., 193; Dalton v. State, 4 Texas Crim. App., 333; Parks v. State, 29 Texas Crim. App., 597; Surrell v. State, id., 321; Croell v. State, 25 Texas Crim. App., 596; Robinson v. State, 33 Texas Crim. Rep., 366.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Lamar County charged with burglary. The indictment contained two counts, one charging a daytime burglary and the other burglary of a private residence at night. The jury adjudged him guilty of burglary of a house in the daytime and assessed his punishment at two years confinement in the penitentiary.

Appellant assigns, in his motion for a new trial, the ground that the court erred "because the charge (submitting burglary in the daytime) is not supported by any evidence in that the testimony shows that if the defendant burglarized any house it was the private residence of Abe Watson, used and occupied by him as a private residence; that there was no house entered or broken, is shown by the testimony in this case, with the intent to commit theft, except the private residence of Abe Watson and that at night." We do not understand the contention of appellant in this assignment, unless it is that the evidence would show the entry of a private residence at night. This is not clear, but we gather from the brief filed that this is the contention now made under this assignment. This court has held the offense of entry of a private residence in the night-time is a separate and distinct offense from the offense mentioned in articles 838 and 839, Penal Code, but entry of a private residence in the daytime is punishable the same as the entry of any other house in the daytime. It is only when the entry is made in the night-time that it comes within the definition of article 839a and under which the punishment is separate and distinct. The appellant having been convicted under the first count, which alleged daytime burglary, under the holdings of this court, if the evidence shows undisputably that the entry was made in the night, the conviction would not be authorized, and we suppose that while the motion is rather general, and the assignment should be more specific, this is the question appellant desired to raise. We have examined the evidence closely and do not think that the evidence shows a night-time burglary beyond a reasonable doubt. Article 844, Penal Code, defines daytime: "By the term 'daytime' is meant any time of the twenty-four hours from thirty minutes before sunrise until thirty minutes after sunset." Now, does the evidence show that the burglary took place more than

thirty minutes after sunset? Defendant in answer to the question, "What time did you go in the house?" answered, "Why, the sun was not—well, it was a little after sundown; you could see all around you." He also testified he went from this house to Jeff Dean's, and Dean testifies: "I was sitting on the porch when I saw him (defendant), and it was just beginning to get dark. You could tell a person off twenty-five or thirty yards." While there was other testimony in the record which would have supported a finding that the burglary took place more than thirty minutes after sundown, yet if the jury, in giving the defendant the benefit of a reasonable doubt on every issue, find that it took place within thirty minutes after sundown, it is not a matter of which defendant should complain, for if they had found it a night-time burglary the least punishment they could have assessed would have been five years in the penitentiary. Finding him guilty of daytime burglary, they could and did fix a much less term, only two years in the penitentiary. So if it can be said that this ground of the motion sufficiently raises this question, we can not hold that there was no evidence upon which the jury could base its finding that the evidence did not show beyond a reasonable doubt a night-time burglary. The court submitted both counts in his charge and the jury found that the entry was made in the daytime.

Appellant complains that the deputy sheriff was permitted to testify that he went to the home of Rich Darden to arrest and did arrest Rich Darden, this defendant being present. That when he arrested Darden, Darden asked why he arrested him, when he told him it was for the theft of the pair of pants alleged to have been stolen in this indictment, Darden replied he did not have the pants. The witness says he had been given a description of the missing pants; that appellant, Guy Wright, was standing there, and noticing that the pants appellant had on suited the description, he asked him where he got the pants, appellant replying that Darden had given them to him. Darden said, "No, I didn't give them to you; I told you you were going to get into trouble about them pants." The objection is to this last statement of Darden's: "I didn't give them to you; I told you you were going to get into trouble about them pants." The deputy sheriff testifies he had no warrant for appellant, but only had a warrant for Darden, and had only arrested Darden. Appellant was not under arrest, and the officer was not seeking him; in fact, he had no idea of arresting him until the above matters took place, and then he questioned appellant further, when the circumstance that appellant was wearing the missing pants, made contradictory statements in regard to how he came into possession of them, caused him to arrest appellant as well as Darden. The fact that Darden was under arrest when he made statements to appellant in the presence of an officer, would not render such statements inadmissible as against appellant, he not being under arrest, and as

the statement was made direct to appellant in answer to the charge that Darden had given the pants to him, appellant, it was not hearsay.

Appellant further objected to this witness stating that the pants were identified by Abe Watson and John Wood as the stolen pants. Inasmuch as both Watson and Wood testified in this case, and testified that the pants the witness found appellant wearing were the stolen pants, and appellant in his testimony does not deny that they were the stolen pants, but only claims that he was holding them for another, which theory was fully covered in the charge, no such error is manifest as would call for a reversal of the case. It might have been proper to only have permitted the witness to state what he did with the pants after taking them from appellant, and permitted only Watson and Woods to testify to the identification, but under the evidence the error, if any, was harmless error.

Appellant also objected to a confession alleged to have been made by him being admitted in evidence. The bill states that defendant objected to the introduction of the statement and requested the court to have the jury withdrawn and hear testimony on its admissibility, which request was by the court granted. After hearing the evidence, the court ruled that the confession was admissible in evidence, when defendant objected on the grounds "that it does not state what house was burglarized; don't state when it was, and whether it is in Lamar or Delta County, and don't set out what he is guilty of and it is vague and indefinite, irrelevant and inadmissible, and don't show he is guilty of burglary; don't say he went into anybody's house; says a certain house." These are all the grounds stated in the bill, and the other grounds presented and urged in this court can not be considered by us. The statement shows that: "I, Guy Wright, being under arrest for burglary, and being warned, etc., that any statement I may make will be used in evidence against me concerning my case and on my trial for said offense, make this voluntary statement." He states he and Edgar Harrald are both guilty. "We were together when we entered the house and got the pants. The house was closed; we opened the door." The statement, as a whole, shows it was in regard to the charge for which he was then under arrest, and for which he was being tried in this case, and none of the objections made are tenable, and the court did not err in admitting the confession in evidence over the objections made as shown by the bill of exceptions. As stated before, the objections now urged to the admissibility of this confession can not be considered by us. *Objections to evidence* come too late when first presented in the motion for a new trial, and we deem it unnecessary to discuss the objections stated in the motion for new trial, and which are not shown to have been presented during the trial of the case, and which are not contained in the bill of exceptions reserved to the introduction of this testimony.

The court did not err in failing to charge on circumstantial evidence. Defendant was found in possession of the pants, and in his confession he stated that he and Harrald broke and entered the house and took the pants out of the house. No such charge was called for under the evidence.

The paragraph in the motion that states the court erred in the tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth paragraphs of his charge is too general to be considered. Kubacak v. State, 59 Texas Crim. Rep., 165; Davis v. State, 58 Texas Crim. Rep., 461; Pollard v. State, 58 Texas Crim. Rep., 299.

There being no reversible error pointed out in the charge of the court in the motion for a new trial, and as we are precluded from considering any matter in regard to the admissibility of evidence not presented in a bill of exceptions, and there being no special charges requested, we are of the opinion the case should be affirmed.

*Affirmed.*