ADOLPHUS TAYLOR v. THE STATE.

No. 6343.    Decided June 15, 1921.

Rehearing denied October 12, 1921.

**1.—Theft of Hog—Estray—Intent—Requested Charge.**

Where, upon trial of theft of a hog, defendant's testimony was that the pig was interfering with his crop and that he thought it was a stray, and that he took up the pig and kept it until it could be legally estrayed, the court should have submitted the affirmative requested charge, that if this testimony was believed by the jury they should acquit the defendant, and failure to do so was reversible error.

**2.—Rehearing—Charge of court—Theory of Defense—Requested Charge.**

Where the state contended in its motion for rehearing that the trial court substantially gave the law, as contended for in the original opinion, but the record showed the absence of an affirmative charge upon the defendant's theory of defense, of keeping up the hog as an estray, and that he did not intend to appropriate it at the time of the taking, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Henderson.    Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Miller & Miller,* for appellant.

*C. M. Cureton,* Attorney General, and *C. S. Stone,* and *R. H. Hamilton,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Henderson County of the offense of theft of a hog, and his punishment fixed at two years in the penitentiary.

By various special charges, the refusal of which is complained of by bills of exceptions approved by the trial court, appellant sought to

have his theory of the case presented to the jury. Appellant appears to have taken preliminary steps to raise a crop upon the land of the owner of the alleged stolen hog, but after the matter of theft arose said relationship seems to have been severed. The facts disclosed that appellant did not deny taking the hog in question. It was a small pig, and was carried by appellant to the home of his father-in-law, at which place it was recovered by the officers and restored to the owner. Appellant testified that the pig was interfering with his crop and that he thought it was a stray, and that he consulted several people about what he should do, and they gave him advice, the substance of which was that he could do nothing more than to take the pig up and keep it until it could be legally estrayed. A Mr. Avant, who was consulted by appellant in regard to the matter, promised him that he would obtain legal advice for him the first time he went to town. Several other witnesses testified to the effect that appellant consulted them about said stray hog. There is some confusion in the record as to whether the hog he was talking to these people about was the pig in question or another hog which appears to have been in the neighborhood, but this did not deprive appellant of his right to have an affirmative charge to the jury submitting the theory upon which he relied, and which was that the hog in question was that which he took up as an estray and about which he consulted the various witnesses mentioned. There were a number of charges, presenting in various ways the theory relied upon by appellant. We do not thing it necessary for the court to have given all of same in charge, but do think material error was committed by refusal of the court to submit said issue. The jury should have been substantially told that if appellant took the pig in his possession, not intending at the time to appropriate same, but intending only to estray it or take legal steps to dispose of same, then he should be acquitted. It is also true that if one takes property for a legal purpose, and thereafter conceives the intent to appropriate same, and does so appropriate it, his original taking would not be theft.

We do not think any error appears in the argument of the district attorney to the effect that if the wife of appellant had been used as a witness, said attorney believed she would have sworn facts believed by him to show appellant's guilt. The wife of appellant had been sworn as a witness but was not used.

Without further discussion of the case, for the errors above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

### October 12, 1921.

LATTIMORE, Judge.—The State in a motion for rehearing urges that in giving special charge No. 5 for the appellant, the trial court

gave the law substantially as stated by us in the original opinion as that to which appellant was entitled. Said special charge wholly omitted the essential element of the belief of the accused that the alleged stolen hog was an estray at the time he took same into his possession. There can be no question of the right of appellant to have the jury affirmatively told that if he believed when he took up said hog that it was an estray, and that he did not then intend to appropriate it, he should be acquitted.

The motion for rehearing will be overruled.

*Overruled.*