## DE SHONG MOTOR FREIGHT LINES, Inc., v. HOPKINS et al.

### No. 4732.

Court of Civil Appeals of Texas. Amarillo.

Nov. 16, 1936.

Rehearing Denied Jan. 4, 1937.

Calhoun & Williams, of Amarillo, for appellant.

Sherman White and Jno. F. Sturgeon, both of Pampa, for appellees.

HALL, Chief Justice.

W. H. Woodlief, president and general manager of De Shong Motor Freight Lines, a corporation, filed an application for a temporary restraining order, praying that it be made permanent on final hearing, against Siler Hopkins, deputy sheriff and county highway officer of Gray county, Earl Talley, sheriff of Gray county, and all the deputy sheriffs, constables, and deputy constables, together with the county attorney of Gray county, alleging that appellant company was engaged in the general trucking business as a common carrier between Amarillo, Tex., and Oklahoma City, Okl. It alleged that it had complied with the law and requirements of the Railroad Commission, and was conducting its business in a lawful and proper manner; that the defendants, and especially Siler Hopkins, county highway officer and deputy sheriff, were wrongfully and without authority of law arresting the drivers of appellant's trucks in Gray county, and weighing and causing to be weighed appellant's trucks for the purpose of ascertaining whether or not said trucks were loaded in excess of seven thousand pounds; that none of the arrests were made with authority or with warrants, and was a scheme to extort fines and money from the appellant, resulting in great loss to appellant.

The petition was presented to the court in chambers, who granted the temporary restraining order and set the matter for hearing on May 9, 1936, at Pampa. The court, without hearing evidence of any kind from either of the parties, sustained a general demurrer to plaintiff's petition, holding thereby that the plaintiff was not entitled to have the injunction prayed for. The court then proceeded to sustain all of the special exceptions attached to the plaintiff's petition. Plaintiff refused to amend, and the court therefore dismissed the action but continued the temporary restraining order against the defendants, pending the appeal of this cause in the Court of Civil Appeals.

The contention of the appellant is that because it was alleged that the defendants not being state license and weight inspectors of the Railroad Commission, nor officers of the State Highway Patrol, were without authority to stop plaintiff's trucks and require them to be weighed and to arrest plaintiff's employees in the event of their failure to comply with said officer's demand; that no officers except state license and weight inspectors had any such authority.

In the case of Head v. State (Tex.Cr. App.) 96 S.W.(2d) 981, presiding Judge Morrow, in a very similar case, quoted section 6 of Article 827a, Vernon's Ann. P.C., which is as follows: "Any license and weight inspector of the State Highway department, having reason to believe that the gross weight of a loaded vehicle is unlawful, is authorized to weigh the same either by means of portable or stationary scales, and to require that such vehicle be driven to the nearest scales in the event such scales are within two miles. The inspector may then require the driver or operator to unload immediately such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight specified by this Act."

In reversing and remanding the case, Judge Morrow held that said statute conferring authority upon license and weight inspectors of the State Highway Depart-

ment to require drivers and operators of motor vehicles to have their trucks and contents weighed, conferred no such authority upon constables and other peace officers of the state. In the Head Case, the arrest was made by a constable whom Judge Morrow held was without authority to arrest without warrant, for refusal to drive truck to scales to ascertain whether the truck was overloaded, under statutes vesting peace officers with right to arrest without warrant if breach of the peace is being committed in officer's presence; operation of overloaded truck not being per se a "breach of the peace."

The Head Case disposes of the controlling issue in this case, and it follows that the trial court erred in sustaining a general demurrer to the petition.

The judgment is therefore reversed, and the cause remanded.