## TED COOK V. THE STATE.

No. 19984. Delivered March 1, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

Phinney & Hill, of Dallas, for appellant.

*Henry C. Kyle,* County Attorney, of San Marcos, Hays County, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The appellant was convicted of operating a motor vehicle on a public highway of this State which had been registered in a class other and different from that in which it properly belonged, and he was fined the sum of $1.00.

Appellant's bill of exceptions No. 1 complains of the court's failure to quash the complaint and information because the same are alleged to have charged no offense against the laws of this State. The fourth count of these pleadings, the one on which a conviction was had, charged the appellant with operating a motor vehicle on the public highway that weighed 13140 pounds, under a registration certificate that showed the weight thereof to be in the class designated as between 16001 and 22000 pounds. We think such a pleading stated a condition that was violative of the law. Art. 805, Penal Code, says: "Whoever operates upon a public highway a motor vehicle under a

license, however obtained, for a class other than that to which such vehicle properly belongs, shall be fined not exceeding two hundred dollars."

We recognize that one purpose of the truck registration laws and the charging of a fee therefor might be a question of revenue, and also might be for the purpose of regulating traffic on the highways. There is a statute in effect at this time limiting the truck load of freight carrying capacity to seven thousand pounds, and it is easily seen that if one is allowed to register his vehicle at a greater weight than it actually had, a larger load than that allowed by law could be carried and still its gross allowed weight not be exceeded, thus rendering such truck practically immune from detection as being in an overloaded condition. True it is, as contended by appellant, that he was paying a greater tax than he actually owed, but such has no argumentative force herein, for if such be customarily allowed, we feel sure a large proportion of freight hauling trucks would gladly pay the small increase in registration fee in order to be able to use such weight in carrying an excess load. The owner of this vehicle testified that he owned many trailers, among them one very heavy trailer designated as a refrigerator trailer; that he used that heavy trailer for the purpose of registering all his trucks because of the fact that such trailer was liable to be attached to any one of his trucks at any time, and that he did not wish to be found with a vehicle registered at too low a gross weight; that he also construed the phrase "and other equipment," as set forth in Art. 6675a-6, R. C. S., Vernon's 1936, as meaning whatever equipment that might be necessary not only in moving the vehicle, but also that which would be necessary and useful in moving whatever freight that might be contained therein. For instance, he had at one time carried a printing press therein, and he thought that such equipment contemplated sufficient tools and machinery for lifting such a load out of the motor vehicle and placing it in its alloted position, whether upstairs or down in a basement or other convenient place.

It is our position, however, that the phrase in the registration statute set forth therein as "other equipment" means the accessories generally attached to such vehicle as are of practical use while in operation upon the road, such as extra tires, and the tools necessary for making such tire changes. It surely does not mean the necessary tools for loading and unloading the heaviest kind of freight, as mentioned by appellant. If such were true, the equipment might easily outweigh the vehicle, and in the event of a lesser load, such not being needed, such

equipment could be discarded, and again the load limit be heavily increased, and be practically impossible of detection without an unloading of the entire cargo.

The remaining complaint urged by appellant is that the stopping of his truck on the public highway and the weighing thereof was done without lawful authority, and by a person who had no warrant for his arrest, and therefore this testimony as to the incorrect weight of the vehicle was obtained unlawfully, and should have been excluded under the authority of Art. 727a of the Code of Criminal Procedure, which prohibits the use in any trial of any testimony obtained in violation of the laws and Constitution of the United States or of this State.

It will be noted that Art. 827a, Sec. 6 P. C. is in part as follows: "Any license and weight inspector of the State Highway Department, having reason to believe that the gross weight of a loaded vehicle is unlawful, is authorized to weigh the same either by means of portable or stationary scales, and to require that such vehicle be driven to the nearest scales in the event such scales are within two miles * * *."

It will also be noted that Mr. Vantreese, the person who weighed the motor vehicle, was a State highway patrolman, and he held a commission as a licensed weight inspector, and testified that he could tell by the sound of a truck whether he thought the same was overloaded or not, but of course he could not exactly tell its weight; that from the way this truck ran he thought it was overloaded, but found that according to its gross registration of 30000 pounds, it was underloaded rather than overloaded, and therein do we find its vice,—the registration being in a class to which it did not belong.

We find from the testimony that this inspector, after hearing this truck coming, flashed his light and directed the appellant to drive to the side of the road and be weighed up, which the appellant readily did, and after such weight had been ascertained appellant agreed to drive into San Marcos, a short distance away, and be there weighed on stationary scales, where the same result was obtained. That this inspector had authority so to do, we find to be held by our Supreme Court in the case of New Way Lumber Co. v. Smith, 96 S. W. (2d) 282, and in an exhaustive opinion by Justice Sharp it is said on page 290 thereof: "Likewise, section 6, Art. 827a, Vernon's Ann. P. C., authorizes an inspector to stop a vehicle and weigh it, if he has reason to believe that its load exceeds that allowed by law; and, if the load is excessive, require the operator to

58

reduce it to the amount prescribed by the act. It clearly appears that this section of the statute does not prohibit the use of motor vehicles on the public highways, but is merely a regulation of their use. Therefore, if the officer should have probable cause to believe that a motor vehicle is being operated without a permit, or that it is being operated with an unlawful load, he would have the right, without a search warrant, to stop the driver and question him about his right to operate a motor vehicle upon the public highways, and, if need be, ascertain whether the operation of the motor vehicle is in violation of law; and if such driver is operating the motor vehicle in violation of law, arrest him without a warrant. To hold otherwise would render ineffective the reasonable and wholesome laws enacted for the protection of the public and the highways."

This court has held in Head v. State, 96 S. W. (2d) 981, that the legislature has given the above mentioned powers as set forth in Art. 827a, Sec. 6, supra, to license and weight inspectors of the Highway Department only, and that a constable or other peace officer of the State has no such power. This opinion in the Head case was cited and followed by the Amarillo Court of Civil Appeals in the case of De Shong Motor Freight Lines, Inc., v. Hopkins, et al., 99 S. W. (2d) 1033, where the freight lines were seeking an injunction against Hopkins, a deputy sheriff, who was weighing and causing to be weighed appellant's trucks for the purpose of acertaining whether or not same were overloaded. It was therein held that such officer did not have that power, same having been lodged alone in such inspectors.

We see no error in utilizing such testimony before the jury, such having been obtained lawfully, as authorized by Art. 827a, Sec. 6, Vernon's Penal Code.

We think the letter of the law as well as the spirit thereof can be violated by an over-registration of a motor vehicle the same as by an under-registration thereof, and finding no error in the record we accordingly affirm the judgment.

ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, earnestly contends that we erred in holding that the fourth count of the complaint and information charged an offense under Art. 805 P. C. It seems to be his contention that we placed an erroneous construction upon said statute. He undertakes to demonstrate the

correctness of his position by a recitation of the legislative history of the statute to show the legislative intent, and refers us to Chapter 75, p. 158, of the Acts of the 38th. Legis., 1923. An examination thereof reveals that motor vehicles were classified according to weight, and that registration fees gradually increased with the increase of the weight. Sec. 16b dealing with commercial vehicles also classified motor vehicles in a like manner, and registration fees were graduated according to weight, kind of tires, etc. Those with solid rubber tires were required to pay a higher fee than those with pneumatic tires, and those with steel tires had to pay a still higher fee. Why was this done? Evidently because those motor vehicles of less weight and those with pneumatic tires were less destructive in effect upon our highways than those of greater weight or those with solid or steel tires. Why should the State demand a greater fee from a person owning and operating a commercial motor vehicle equipped with solid tires than one with pneumatic tires, both being of the same weight? And why should the State demand a higher fee from heavier vehicles than lighter ones? Evidently because in such instances, the wear and tear on the highways is greater; the cost of maintenance greater. The primary Legislative objective was to protect the highways—not merely to collect more money.

Therefore when appellant falsely registered his commercial motor vehicle so that he might carry a greater weight than would have been permitted had he properly registered the same, he placed his vehicle in a different class than the one in which it rightfully belonged. Consequently, he violated the law as contained in Art. 805 P. C.

We have read appellant's motion with much interest. The arguments advanced are very plausible, but seem to be based on erroneous premises.

Believing that the proper disposition was made of the cause in our original opinion, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.