**WHITEHEAD et al. v. RICHARDSON et al.**

No. 12778.

Court of Civil Appeals of Texas. Dallas.
April 1, 1939.

Phinney & Hill, of Dallas, for appellants.

Gerald C. Mann, Atty. Gen., and George P. Kirkpatrick and George W. Barcus, Asst. Attys. Gen., for appellees.

YOUNG, Justice.

This suit for injunctive relief was filed in a civil district court of Dallas County by appellants, owners and operators of commercial motor vehicles on public highways, against the Public Safety Commission of Texas, its members, the Texas Highway Patrol, sheriffs and constables. Section 6 and various other provisions of Article 827a, Vernon's Ann.P.C., were involved. The trial court, upon agreed facts and stipulations, permanently enjoined appellees from unloading the motor trucks of appellants in order to weigh same and ascertain their weight when empty; also from filing more than one complaint against their truck drivers for hauling loads in excess of 7,000 lbs. net, on a continuous journey through Texas. Appellants were refused an injunction, restraining appellees from weighing empty motor trucks and from, themselves, unloading same of all excess

loads over 7,000 lbs. net. All parties have prosecuted an appeal.

Appellants' view of the law relative to a proper construction of the pertinent subdivisions of said Article 827a, Vernon's Ann.P.C., is: "(1) That appellees have no authority to, and that no duty is imposed upon them to, weigh appellants' commercial motor trucks while same are being operated upon and over the public highways empty; (2) That appellees have no authority to, and no duty is imposed upon them to, themselves, unload any portion of the load of any commercial motor vehicle under any circumstances whatsoever; (3) That when the driver or operator of one of the commercial motor trucks of appellants, or any of them, has a complaint filed against him, the said driver or operator, charging him with operating a commercial motor vehicle over the public highways, carrying thereon a net load in excess of 7,000 pounds and either an appearance bond is posted for the appearance of such driver or operator of such commercial motor vehicle in court on such charge, and/or the final disposition is made of such complaint, constitutes former jeopardy with reference to any and all other charges that may be filed against the driver or operator of such commercial motor truck for the same offense when such driver or operator is operating the same motor vehicle on the same continuous journey transporting thereon the same load or cargo"

The present record is quite analogous to very recent decisions by our Supreme Court and Court of Criminal Appeals. We refer to the cases of State of Texas et al. v. Hon. Bryce Ferguson, District Judge, et al., State v. Hon. H. F. Kirby, District Judge, et al., Tex.Sup., 125 S.W.2d 272, and Ted Cook v. State of Texas, Tex.Cr. App., 128 S.W.2d 48 (not yet reported [in State Reports]). Judge Hickman (in above opinion) holds that, "there is no statutory blanket inhibition against weighing empty trucks under any circumstances" by the proper officials; and that "Whether or not facts may exist in given cases justifying the weighing of empty trucks cannot be determined in advance in an equitable proceeding." [125 S.W.2d 278.] The opinion also states, "that a court of equity has no power to enjoin peace officers from enforcing a valid criminal statute on the ground that, under the facts as alleged in the application for the writ, the parties arrested will have valid defenses."

With reference to appellants' second contention above, that appellees have no authority to, themselves, unload any portion of the load of a commercial vehicle under any circumstances, it is apparent that appellants' attack particularly challenges the authority of license and weight inspectors of the State Highway Patrol. Unloading of commercial motor vehicles would reasonably be for the purpose of determining improper registration, Article 805, art. 827a, § 5a, Vernon's Ann. P.C.; Article 6675a—1 et seq., Vernon's Ann.Civ.St., or of investigating excess loads, Article 827a, Sec. 6; it being held that the authority contemplated in said Sec. 6 is granted exclusively to license and weight inspectors. Head v. State, 131 Tex.Cr.R., 96 S.W.2d 981. Adverting alone to appellees, state highway patrolmen, particularly to the inspectors referred to in said Sec. 6, supra, it is to be noted that they are charged primarily with the duty of enforcing all state laws relating to vehicles and traffic on the public highway; with all the rights and powers of peace officers, to pursue and arrest any person for any offense on said highway; and are a part of the law enforcement division, State Highway Department, Article 827a, Vernon's Ann. P. C. §§ 16, 16a. Therefore, we also conclude, in view of Judge Hickman's language last quoted, that, the circumstances in given cases justifying inspectors to, themselves, unload motor vehicles on the highway "cannot be determined in advance in an equitable proceeding".

Further, with respect to appellants' said contention, it is held in New Way Lumber Co. et al., v. Smith et al., 128 Tex. 173, 96 S.W.2d 282, 290 (speaking of inspectors), that "* * * if the officer should have probable cause to believe that a motor vehicle is being operated without a permit, or that it is being operated with an unlawful load, he would have the right, without a search warrant, to stop the driver and question him about his right to operate a motor vehicle upon the public highways, and, if need be, ascertain whether the operation of the motor vehicle is in violation of law". As we understand the Cook case above, by the Court of Criminal Appeals, inspectors are held to have similar authority under Art. 805, P.C., in determining proper weight registration and classification of motor vehicles; and section 5a (Art. 827a) authorizes the inspector

to determine correct weights in the face of the owner's affidavit. It would seem logical, therefore, that, at least, under any set of circumstances as above presented, all or portions of loads may be unloaded from trucks in question by inspectors, when they have reason to believe the law is being violated and that such course is deemed necessary to verify the infraction.

We gather from the briefs that the real appellees and defendants herein are Public Safety Commission of Texas, its members, and the officers and members of the State Highway Patrol; all others being nominal parties.

 It is our opinion that the trial court's judgment enjoining appellees from unloading trucks and then weighing same; and enjoining them from filing more than one complaint against drivers and operators of appellees' trucks, carrying loads in excess of 7,000 lbs., be reversed and rendered, dissolving such restraint. The portion of said judgment refusing to enjoin appellees in the other particulars of which complaint is made, will be affirmed.