## Ed Mosley v. The State.

No. 21126. Delivered June 12, 1940.

The opinion states the case.

*McWhorter, Howard & Cobb,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for a violation of the Motor Truck Laws, and appeals.

Appellant insists that the information herein is fatally defective in that it fails to set forth in plain and intelligible words a violation of the statute. The information alleges, in substance, that appellant did * * * operate a combination of vehicles * * * without the same being registered with the State Highway Department of the State of Texas as required by law

in this, to-wit: said combination * * * then and there being registered at 18,000 pounds, and the gross weight of said combination of vehicles was then and there 30,800, etc.

It seems that such pleading alleged with fair clarity that this vehicle was registered at a weight of 18,000 pounds, when in fact the same weighed 30,800 pounds, or that it was under registered a matter of 12,800 pounds.

It is provided by law, Art. 827a, Sec. 5a, Vernon's Ann. Cr. St., Penal Code, Vol. 2, that such commercial motor vehicles as the one here under investigation shall be licensed, and shall carry such license receipt on said vehicle, and that the affidavit made relative thereto shall be prima facie evidence of the weight of such vehicle. It was shown by the license found upon this vehicle of Mosley's that same was licensed at the weight of 18,000 pounds, the load being set by law at 7,000 pounds, and there remained 11,000 pounds as the registered and licensed weight of such vehicle. The uncontradicted testimony, however, showed that the total weight of load and vehicle was 30,800 pounds, an excess of 12,800 pounds. Under the statute this appellant is being prosecuted for operating such a vehicle under a license for a class other than that to which such vehicle properly belongs.

Appellant complains of all the testimony of Jack Reaves, a license and weight inspector of the State of Texas, because that such inspector had no power to inspect appellant's truck inside the city limits of the City of Lubbock, Texas; and any testimony that was thus found by him was therefore illegally obtained and fell under the ban of Art. 727a, C. C. P. prohibiting the use of any testimony obtained in violation of any law, etc. We quote the pertinent portion of the inspector's testimony:

"Jack Reaves, a witness for the State of Texas, on direct examination testified: I am a license and weight inspector and work under the supervision of the Department of Public Safety of the State of Texas, and am employed by the State of Texas.

"In the course of my duty on the 18th day of October, 1939, I saw Ed Mosley operating a truck tractor and semi-trailer on the highway just west of Lubbock outside the city limits. Believing his truck tractor and semi-trailer to be overloaded, I turned and followed him back to Lubbock and when he stopped on Seventh Street in the City of. Lubbock, Lubbock County, Texas, I weighed his truck tractor and semi-trailer with scales furnished me for that purpose by the Department. I found on inspecting the papers carried by Ed Mosley on this

truck tractor and semi-trailer that the combination of vehicles was registered for a gross weight of 18,000 pounds, and that the actual gross weight of the truck-tractor and semi-trailer as shown by the scales at the time I weighed them was 30,800 pounds. I noticed that the trailer was loaded with bales of compressed cotton at the time I weighed Ed Mosley. * * *

"I found that Ed Mosley had registered his truck and trailer for an actual weight of 11,000 lbs.; that he had registered to carry 7,000 lbs. on said truck and trailer—making a total gross registered weight of 18,000 lbs.; that the truck itself was not equipped to carry a load, but that the load was carried on the trailer;

"I am not sufficiently acquainted with the makes and models of trailers to know whether a manufacturer would rate Ed Mosley's trailer as having a ton and one-half carrying capacity; * * *

"I am not in a position to know whether the actual weights of Ed Mosley's truck and trailer as given on his registration certificates are correct."

It appears from the above testimony that when first observed by the inspector appellant was outside the city limits of Lubbock, Texas, and that he drove into the city limits while in sight of the inspector. If it be conceded that a State inspector can not exercise any jurisdiction over improperly loaded or registered vehicles while same are operating exclusively within an incorporated city or town, nevertheless that does not mean that when he has seen a vehicle which he has probable cause to believe is violating the State statute, and that the same was at such time being operated on a State highway, that the inspector's powers to search and arrest for such violation ends when the unlawfully operated vehicle has reached the fancied sanctuary of an incorporated city or town. The arrest and detention was based on an offense committed on the highway and not for one committed within the precincts of Lubbock.

Again we think it clear that not only was no law violated by the stopping and weighing of such motor vehicle, but that same was in consonance with Art. 827a, supra. See Cook v. State, 128 S. W. (2d) 48; New Way Lumber Co. v. Smith, 128 Texas, 173, 96 S. W. (2d) 282.

This appellant was convicted for the offense of an improper registration of a motor vehicle, and the proof does not show what the proper registration of this motor vehicle should have been. It may have contained a load of 19,800 pounds of freight,

thus carrying an overload above the legal 7,000 pounds of 12,800 pounds. However, appellant was not charged with carrying such overload. He was charged with an improper registration of his motor vehicle, and according to our judgment such was not proven. If the truck and trailer weighed more than 11,000 pounds, which taken with the allowed 7,000 pounds would make 18,000 pounds, then such is not shown by the proof.

Therefore the judgment is reversed and the cause is remanded.