**528**

**Reagan H. THURMOND, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42091.**

Court of Criminal Appeals of Texas.

May 21, 1969.

————◆————

Max J. Luther, III, Corpus Christi (on appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for the subsequent offense of driving while intoxicated; the punishment, two years in the Texas Department of Corrections.

It is contended that the evidence is insufficient to show that the appellant was intoxicated as alleged in charging the primary offense.

Officer Montgomery testified that he stopped the appellant after observing him veer to the left of the center line and then back to the right shoulder while driving an automobile along a public highway; that the appellant was unsteady on his feet while walking, and had a strong odor of alcohol about him; and that he found two partially full bottles of wine in the front seat. He then expressed the opinion that the appellant was intoxicated.

The testimony of Deputy Sheriff Moody and Jailer Messer is substantially the same as that of Officer Montgomery.

While testifying, the appellant admitted driving the automobile, but stated that he does not believe he was intoxicated. He further testified that he had drunk two beers; that he could have been intoxicated on the medicine he was taking because of his ill health; and that he did not drink any wine from the bottles in the car.

The evidence is sufficient to support the finding that the appellant committed the primary offense of driving while intoxicated.

It is insisted that the trial court erred in not admonishing the state's attorney for referring to the appellant as a maniac during his argument to the jury for the reason that such argument inflamed the minds of the jury against him and thus denied him a fair trial.

■ From an examination of the record, it appears that no objection was made to the argument complained of, and no request was made to instruct the jury not to consider it. No reversible error is presented. Daniels v. State, 167 Tex.Cr.R. 219, 319 S.W.2d 321.

■ The appellant contends that the state's attorney committed error by injecting into his argument before the jury that, if the appellant is not placed in jail he will kill somebody, and that the members of the draft board do their duty by sending young men to Viet Nam to get killed, and that it is the duty of the jury to send appellant to jail.

The record does not reflect that any objection was made to this argument or that any request for an instruction concerning it was made to the court. In light of the record, no error is presented.

The judgment is affirmed.