Eric Quintin MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–85–119 CR.

Court of Appeals of Texas, Beaumont.

March 19, 1986.

---

James A. DeLee, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

A jury found the Appellant guilty of a lesser included offense, being that of voluntary manslaughter. The court assessed punishment at 20 years confinement.

Late at night, in July of 1984, the Appellant and the deceased participated in an affray or a scuffle outside of a lounge in Port Arthur. After the scuffle, a version of the record tends to show that the Appellant and the victim each ran from the scene. As to what happened next, the evidence is in conflict—at least it is not harmonious. There is evidence that the Appellant was chasing the deceased and stabbing him. There was evidence, also, that the Appellant ran in the opposite direction away from the deceased. The victim was discovered some distance from the lounge. He died either enroute to the hospital or at the hospital.

Appellant was arrested and charged with murder. The Appellant testified to explain to the jury his mental status. He also brought forth the defense of self defense.

The Appellant advances three grounds of error. They are:

[1] "The Trial Court erred by requiring Appellant to re-testify following conclusion of cross-examination by the State.

[2] "The Trial Court erred in failing to grant Appellant's timely Motion for Mistrial, because of the prejudicial jury argument of the State, injecting harmful unsworn testimony before the jury.

[3] "The evidence is insufficient to sustain a verdict."

■ After the accused had taken the stand and testified, he was recalled by the State as a rebuttal witness. The defense lawyer objected. The State, after identifying that the accused was the same Eric Quintin Martin who testified shortly before, asked him only two questions. One was to the effect that the accused had said he had taken the knife from the deceased. That question was answered: "Yes, sir." The next question was:

"Q. What did you do with the knife?

"MR. DELEE: Objection, Your Honor. This is—This is not rebuttal type testimony. This is reopening the case and this is totally improper.

"THE COURT: Sustained.

"MR. LATINO: Your—Pass the witness, Your Honor."

This was the briefest of examinations of the defendant. The first questions showed no harm. The third question was never answered by the accused under the rulings of the trial court. We find no harm or error—certainly not reversible error.

After this brief examination of the Appellant, the State called an officer, Mike Harpin, who testified about the search he had made attempting to locate the knife. No knife was found by Harpin.

Then, again, the State called, for a second time, the accused. And, again, an objection was made. The Appellant said he threw it away "in the seawall" or in the water in or at the seawall. These matters transpired at the guilt or innocence stage.

The punishment stage of the trial was conducted before the judge. Although there are some restrictions, the decisional precedents in Texas establish that, when an accused voluntarily takes the stand, he waives his privilege against self-incrimination at the hearing, at which he places himself in the witness box. *Brumfield v. State*, 445 S.W.2d 732 (Tex.Crim.App.1969, the Opinion of the Court and the Opinion on State's Motion for Rehearing).

■ When the accused voluntarily places himself in the witness box, then the cross-examination of him by the State extends to all reasonable facts and circumstances establishing the nature of, and the facts surrounding, the principal offense upon which the accused is then being tried. *Hernandez v. State*, 506 S.W.2d 884 (Tex.Crim. App.1974). *In Myre v. State*, 545 S.W.2d 820 (Tex.Crim.App.1977), the court unequivocally held, at page 825:

"... When an accused voluntarily takes the stand before a jury he is subject to the same rules as any other witness. He may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of the defendant, except when some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case or his failure to testify on a former trial or hearing. *Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr.App.1969). It has been the consistent rule for many years that an accused may not take the witness stand before a jury for a limited purpose. *Gonzales v. State*, 160 Tex.Cr. 548, 272 S.W.2d 524 (1954); *Rubens v. State*, 166 Tex.Cr. 71, 311 S.W.2d 242 (1958); *Brumfield v. State*, supra, and cases cited therein."

■ There is another, independent basis for overruling Ground of Error No. 1. It can certainly be reasonably argued that the testimony solicited from the Appellant, concerning what he had done with the knife after the struggle, could be reasonably interpreted as tending to show a sense of guilt or guilty knowledge. This testimony had a logical and reasonable bearing on the issue of the defense of self-defense. Also, it was relevant to the lesser included offense of voluntary manslaughter. This behavior of throwing the knife away in the water, either at or near the seawall, bore upon a "consciousness of guilt". In *2 RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL* sec. 1538 (Texas Practice 3rd ed. 1980), we find:

"Sec. 1538 Conduct as Evidence of Guilt

"A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt. It is consequently a well accepted principle that any conduct on the part of a person accused of crime, *subsequent to its commission*, which indicates a 'consciousness of guilt' may be received as a circumstance tending to prove that he committed the act with which he is charged." (Emphasis ours)

See also *Cuellar v. State*, 613 S.W.2d 494 (Tex.Crim.App.1981).

■ Next, the Appellant contends that prejudicial jury argument transpired, putting before the jury harmful and unsworn testimony. The prosecutor's argument

was that a witness saw the accused run towards the deceased and stab the victim. Then the prosecutor argued that there was another independent witness, being a doctor, who had testified that the lay witness' testimony was consistent with a downward stab. The prosecutor then alluded and argued that the doctor's testimony was consistent with the victim being on the ground. The alert counsel for the defense immediately made an objection that the doctor did not make that statement. The court immediately sustained it. After a request, the jury was instructed to disregard the argument. There was a motion for mistrial, which was denied. In view of the judge's prompt ruling and unequivocal instruction, we determine that there was no reversible error. The error, if any, was cured.

Moreover, the testimony of the pathologist, a Dr. Stanley Leber, did not vary substantially from the State's argument so as to create harm to the accused. We overrule Ground of Error No. II.

■ We find that the evidence is sufficient to sustain the verdict of the jury at the guilt or innocence phase. We have reviewed the record, adhering to the appropriate appellate standards. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983, Opinion on Rehearing); *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). The standard for reviewing sufficiency of the evidence, on appeal, is now the same for direct evidence cases and circumstantial evidence cases and those cases that contain a mixture of direct and circumstantial evidence. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983, Opinion on Rehearing); *Denby v. State*, 654 S.W.2d 457 (Tex. Crim.App.1983, Opinion on Rehearing); *Freeman v. State*, 654 S.W.2d 450 (Tex. Crim.App.1983, Opinion on Rehearing); *Houston v. State, supra.*

Moreover, the relevant and governing standard for reviewing the sufficiency of the evidence was promulgated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Following *Jackson v. Virginia, supra*, after reviewing the evidence in the light most favorable to the prosecution, if any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt, then the evidence is sufficient to support the verdict. *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984). Having overruled the Appellant's three grounds of error, we affirm the judgment and sentence below.

AFFIRMED.