Jones, KR v State 






AFFIRMED
FEBRUARY 22, 1990 

NO. 10-89-045-CR
Trial Court
# 8446
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

KEITH RAY JONES,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 12th Judicial District Court
Madison County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
A jury found Appellant guilty of the aggravated sexual assault
of his nine-year-old stepdaughter and assessed his punishment at
thirty years in prison. See TEX. PENAL CODE ANN. Â§
22.021(a)(1)(B)(i) (Vernon 1989). During the trial, Appellant took
the stand to testify in his defense. He denied ever sexually
assaulting the child. The State stipulated that on the date
charged in the indictment, Appellant was in jail in Walker County. 
The only point on appeal is that the court erred when it overruled
objections to the prosecutor's cross-examination of Appellant. The
judgment will be affirmed.
During cross-examination, the prosecutor asked Appellant the
following question: "I want you to look these people in the eye and
I want you to tell them what motive a nine year old child has for
getting up on this stand and telling them about intimate sexual
contact. I would like to hear that." Appellant objected to the
question on the ground that it called for "a conclusion based on
what a nine year old girl thinks." The objection was overruled. 
The prosecutor also asked Appellant, "Now, you heard Mrs. Knight
and the social workers testify that [the child] would break down
crying when they questioned her about this. Why would she be so
emotional about that?" Appellant's objection to this question was
also overruled. In his only point he argues that the court erred
when it overruled his objections.
A defendant who chooses to testify may be contradicted,
impeached, discredited, attacked, sustained, bolstered, made to
give evidence against himself, cross-examined as to new matters,
and treated in every respect as other witnesses. Cisneros v.State,
692 S.W.2d 78, 83 (Tex. Crim. App. 1985). Cross-examination of the
defendant extends to all reasonable facts and circumstances
establishing the nature of and facts surrounding the offense
charged. Martin v, State, 707 S.W.2d 243, 245 (Tex. App.--Beaumont
1986, pet. ref'd). The prosecutor's repeated questioning of the
defendant on cross-examination is within the discretion of the
court. Prejean v. State, 480 S.W.2d 652, 655 (Tex. Crim. App.
1972). Furthermore, when there is an irreconcilable conflict
between testimony of the prosecution's witnesses and the
defendant's testimony, considerable latitude should be given in
cross-examination of the defendant. Daniels v. State, 167 Tex.
Crim. 219, 319 S.W.2d 321, 324 (1958).
The prosecutor's questions to Appellant were proper cross-examination because they related to conflicts between his testimony
and that of the child. However, assuming that there was error,
this court finds beyond a reasonable doubt that it was harmless
because it did not contribute to Appellant's conviction or
punishment. See TEX. R. APP. P. 81(b)(2). Point one is overruled
and the judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
BOB L. THOMAS
DO NOT PUBLISHChief Justice



 seeks to withdraw.

   We recently held that the
trial court should determine whether to grant a motion to withdraw filed by
appointed counsel in a parental-rights termination case after an appeal has
been perfected.Â  See In re M.V.G., --- S.W.3d ---, ---, 2009 WL 1025381
(Tex. App.ÂWaco April 10, 2009, order).Â  Accordingly, counselÂs motion to
withdraw is denied.Â  We abate this appeal for the trial court to determine (1)
whether counsel should be permitted to withdraw; (2) whether new counsel should
be appointed to prosecute this appeal;
and (3) whether Appellant still desires to
proceed with the appeal.Â 
Any hearing shall be conducted within fourteen (14) days after the date of this
Order.Â  Any orders signed by the trial court shall be included in the clerkÂs
record, which has not yet been filed.Â  However, the trial court is directed to
provide a certified copy of any orders pertaining to the withdrawal of counsel
or the appointment of new counsel within twenty-one (21) days after the date of
this Order.

PER CURIAM

Â 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief Justice Gray dissents for the
reasons expressed in his dissenting note to the case relied upon by the Court, In re M.V.G.Â  See In re M.V.G.,
--- S.W.3d ---, ---, 2009 WL 1025381 (Tex. App.ÂWaco April 10, 2009, order)
(Gray, C.J., dissenting)).Â  

Motion to
withdraw denied; appeal abated

Order issued
and filed May 27, 2009

Do not publish

Â