[Crim. No. 3899. Second Dist., Div. One. July 13, 1945.]

THE PEOPLE, Respondent, v. JULIAN HERNANDEZ, Appellant.

Paul Shapiro for Appellant. .

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from a judgment of conviction of the offense of assault by means of force likely to produce great bodily injury.

It is appellant's contention on appeal that the evidence is insufficient to support the judgment; that opinion evidence was improperly admitted and, that the court's failure to provide means for the translation of the proceedings for the defendant amounted to a violation of defendant's constitutional and statutory rights.

There is no merit to any of appellant's contentions.

The assault occurred about midnight shortly after defendant and three friends left a cafe and were about to enter their automobile to return home. All of them were drunk. A quarrel developed, the details of which are unimportant, during which, defendant is alleged to have struck the two victims on the head with an iron bar or some such object.

The evidence of the injury inflicted, its extent and location,

when considered in connection with the testimony of eye-witnesses, was evidence of circumstances sufficient to establish the offense charged. Although the evidence of the identity of defendant as the offender was conflicting, nevertheless, as pointed out by respondent, ''While making no claims for the quality of intelligible and understandable evidence evinced on behalf of respondent herein, . . . And whatever may be said of the qualitative value of the entire oral testimony, the trial court must be trusted herein to have wisely chosen from the demeanor, conduct, expression and apparent trustworthiness of these persons presented as witnesses to it unfavorably to appellant on the evidence submitted.'' In connection with the foregoing, it should be noted, that the trial was before the court without a jury.

With regard to appellant's contention that the failure to designate an interpreter for defendant's benefit was error, it is sufficient to note that no request was made at the trial for such assistance and manifestly, it is too late to raise the question for the first time on appeal. A consideration of the merits incident thereto are therefore unnecessary.

Appellant's objection to opinion evidence refers to opinion testimony as to drunkenness. It is well settled that such evidence is not limited to expert testimony and is a matter about which any witness may express an opinion.

The evidence is sufficient to support the judgment. There being no errors in the record, the judgment appealed from is affirmed.

York, P. J., and White, J., concurred.