STEPHENS, J.
Defendant was found guilty upon trial by jury of violating section 62 of the Alcoholic Beverage Control Act (Stats. 1937, p. 2175; 2 Deering’s Gen. Laws, Act 3796) by selling to one John Holalek, who was then and there obviously intoxicated, an alcoholic beverage.
The portion of section 62 of the act with which we are here concerned, reads as follows: “Every person who sells . . . any alcoholic beverage ... to any obviously intoxicated person shall be guilty of a misdemeanor.”
Over defendant’s objection a police officer was allowed to answer this question: "Officer, based upon your experience and your observation of this man Holalek on that evening, in yonr opinion was he obviously intoxicated? ” This was the very issue to be determined by the jury and it was prejudicial error to allow the answer. (People v. Crossan (1927), 87 Cal.App. 5, 16 [261 P. 431]; People v. Wepplo (1947), 78 Cal.App.2d Supp. 959, 963 [178 P.2d 853].) The fact that another officer was later permitted to answer the same question without objection does not deprive appellant of her right to here call attention to the error. (People v. Driggs (1909), 12 Cal.App. 240 [108 P. 62]; People v. Castro (1899), 125 Cal. 521 [58 P. 133]; Green v. Southern Pac. Co. (1898), 122 Cal. 563 [55 P. 577].) By the very nature of the offense as defined by the statute, it does not permit of opinion evidence. It does not penalize the seller for selling to any person who is intoxicated, but only to one who is “obviously” intoxicated. Webster’s New International Dictionary defines “obvious” as “easily discovered, seen or understood; plain; evident.” Bouvier defines it as “apparent; evident; manifest.”
It seems clear, therefore, that a duty is placed upon the seller, before serving the intended purchaser, to use his powers of observation to such extent as to see that which is easily seen and to hear that which is easily heard, under the conditions and circumstances then and there existing. On the other hand, it is equally clear that he is not required to subject the customer to tests which would disclose symptoms not readily apparent to anyone having normal powers of observation—sight, hearing and possibly smell. The use of intoxicating liquor by the average person in such quantity as to produce intoxication causes many commonly known outward manifestations which are “plain” and “easily seen or discovered.” If such outward manifestations exist and *Supp. 976 the seller still serves the customer so affected he has violated the law, whether this was because he failed to observe what was plain and easily seen or discovered, or because, having observed, he ignored that which was apparent. Upon the trial, therefore, the facts constituting the alleged outward manifestations should be presented, and it is the exclusive province of the jury to determine whether or not they are such as to be obvious to a person having normal powers of observation, and recognizable as the usual indications of an intoxicated person.
Evidence was also admitted concerning previous actions of the purchaser in another bar outside the observation of defendant; this was clearly erroneous.
The officers were also permitted, over objections by the defendant, to testify to the results of certain tests which they gave him for the purpose of determining whether or not he was intoxicated. These tests were made after he had been served with and had consumed part of the liquor purchased from defendant. This was, of course, erroneous, not only because the evidence did not pertain to the question of whether or not his condition of intoxication was obvious at the time of sale, but also because this last drink may„have contributed to his condition when the tests were made.
The judgment is reversed and the cause is remanded for a new trial. The order denying motion for a new trial is reversed; the appeal from the order denying motion in arrest of judgment is dismissed.
Shaw, P. J., and Bishop, J., concurred.