210 P.2d 98]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 2529.   Oct. 4, 1949.]

THE PEOPLE, Respondent, v. ROBERT E. SMITH, Appellant.

P. E. Durkee for Appellant.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Respondent.

THE COURT.—Convicted of having served intoxicating liquor to a person who was obviously intoxicated, an act made a misdemeanor by section 62 of the Alcoholic Beverage Control Act (Stats. 1937, p. 2175; 2 Deering's Gen. Laws, Act 3796), the defendant has appealed, contending that the evidence is insufficient and that the trial court erred in permitting two witnesses to testify that in their opinion the patron served by the defendant was drunk. We find neither contention well taken.

The first prosecution witness was a police officer of three years' experience. Seated at the bar behind which the defendant was serving, the witness' attention was called to the patron involved in the case by the latter's loud talking, followed by the fellow's falling against him (the witness) and spilling some of the beer he (the patron) was drinking. Then, having finished his beer, the patron set the glass down on the bar two or three times rather heavily, hollering to the defendant, "Bring me another glass of beer." The patron's clothing was very dirty and disarranged, his eyes were bloodshot, his face was flushed and his speech rather thick. He kept arguing with another patron seated next to the witness, who turned away from him. The patron we are interested in was not seated at any of this time, but standing; his balance was poor and he kept leaning against the bar. The witness demonstrated how the patron was leaning on the bar and the tone

and the manner in which he ordered another beer. Following his testimony and a statement that he had seen intoxicated persons before, and had formed an opinion as to whether or not the patron was intoxicated, the officer was asked: "What was your opinion? As to his sobriety—[the patron's] sobriety?" Over timely objection he was permitted to reply that in his opinion the patron served by the defendant was in a drunken condition. Another officer was later permitted to testify that in his opinion the patron was intoxicated.

It was not error to permit the officers to give their opinions. In order to convict one on a charge of violating the statute here involved two elements, touching the person served with liquor, must be proved: (1) that he was intoxicated; and (2) that his condition was obvious. The first element is regarded as a matter of fact concerning which a witness may give an opinion based on his observation of the person. This is established beyond debate in this state, as is evident from these cases: (*People* v. *Monteith* (1887), 73 Cal. 7, 8, 9 [14 P. 373, 374]; *People* v. *Sehorn* (1897), 116 Cal. 503, 511 [48 P. 495, 498]; *People* v. *Hill* (1898), 123 Cal. 47, 51 [55 P. 692, 693]; *Bidwell* v. *Los Angeles & S. D. Beach Ry. Co.* (1915), 169 Cal. 780, 784 [148 P. 197, 199]; *People* v. *Mullins* (1924), 66 Cal.App. 475, 477 [226 P. 622]; *Finn* v. *Sullivan* (1930), 110 Cal.App. 38, 40 [293 P. 639]; *People* v. *Moore* (1945), 70 Cal.App.2d 158, 164 [160 P.2d 857]; *People* v. *Hernandez* (1945), 70 Cal.App.2d 190, 192 [160 P.2d 564]). That these cases are in accord with the overwhelming weight of authority is apparent from an examination of the cases cited in the American Digest System, Evidence, key number 478(3), and from this statement in 32 Corpus Juris Secundum, 183, supported by citations: "A witness . . . may state whether a person was or was not intoxicated."

But it is necessary, in these prosecutions, not only to prove that the patron served was intoxicated but also to establish that the fact of his intoxication was obvious. In *People* v. *Johnson* (1947), 81 Cal.App.2d Supp. 973 [185 P.2d 105], we held that it was error to permit an officer to testify that the patron there identified was *obviously* drunk, stating, "By the very nature of the offense as defined by the statute, it does not permit of opinion evidence." We set forth, in *People* v. *Johnson*, the reasons why we deemed, and deem, it improper to permit a witness to state his conclusion that the intoxication was obvious, and there is no occasion to dwell

upon them here. The distinction between the two questions is unmistakable; the one there condemned contains the adverb "obviously" and thereby adds the second element necessary to a successful prosecution to the questions asked in this case, which were limited to the first element; the questions here approved do not include the adverb nor the second element to which we have referred. If we entertained any serious doubt that the distinction between the two sentences is substantial, and we do not, that doubt would not cause us to question the conclusion to which we have come in this case.

We shall not repeat, but we adhere to, the observations we made in *People* v. *Johnson, supra,* 81 Cal.App.2d Supp. 973, 975 [185 P.2d 105, 106], concerning the meaning of "obviously intoxicated," as used in the provision of the statute that the defendant flouted, and concerning the duties that it imposes upon a bartender. We are satisfied that the testimony set forth earlier in this opinion afforded ample support for the trial court's conclusion that the patron served by the defendant was intoxicated, and obviously so.

The judgment is affirmed.