[Civ. No. 19073.   First Dist., Div. One.   May 12, 1960.]

PETER SAMARAS et al., Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Respondent.

James J. Reilly for Appellants.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Respondent.

PAULSEN, J. pro tem.*—Appellants, who are the owners of an on-sale liquor license, were accused by the Department of Alcoholic Beverage Control of serving an alcoholic beverage to an obviously intoxicated person in violation of section 25602 of the Business and Professions Code. The department ordered appellants' license suspended for 30 days. The Alcoholic Beverage Control Appeals Board affirmed the decision, and the superior court denied a petition for a writ of mandate. The owners appeal from the judgment.

The only question presented is whether there was substantial evidence to support the finding of the department that the person served was an obviously intoxicated person.

About midnight on October 3, 1957, two agents of the department entered appellants' place of business and according to their testimony observed a man, later identified as George Prescott, emerge from the rest room and walk in an unsteady fashion to the middle portion of the bar. He was unshaven, his face was flushed, his eyes were very watery. At times he slumped over the bar as if asleep. He would jerk and yell out incoherently at no one in particular. On occasion he would laugh almost hysterically. He spit on the floor and on himself. After the agents had observed Prescott's action for about 20 or 25 minutes appellant Samaras shook him awake and placed beer in front of him. Both agents testified that in their opinion Prescott was intoxicated at the time the beer was served.

---

*Assigned by Chairman of Judicial Council.

The actions of Prescott fall within the commonly known outward manifestations of intoxication described and held sufficient proof in *People* v. *Johnson*, 81 Cal.App.2d Supp. 973 [185 P.2d 105]. (See also *People* v. *Smith*, 94 Cal.App.2d Supp. 975 [210 P.2d 98], and cases there cited.)

Appellants do not appear to deny that this evidence, standing alone, was sufficient to support the finding. However, they argue that it was overcome by other evidence. Samaras testified that he had known Prescott since 1928; that he was a former prize fighter and often sang and talked to himself when he was drinking; that he thought Prescott was ill on the night in question. However, the agents testified that when Samaras was told he was under arrest for serving an intoxicated person, he said, "I didn't think he was so drunk."

It was stipulated that two merchant seamen who were on the premises at the time in question, if called, would testify that they knew Prescott; that he sometimes appeared "punchy"; that it was common for him to bow his head and appear sleepy; that he ordinarily used a cane and that in their opinion he was not intoxicated.

The courts are bound in cases of this kind by the substantial evidence rule, and may not reweigh the evidence or pass on the credibility of the witnesses, or resolve the conflicting testimony contrary to the department's findings. (*Burako* v. *Munro*, 174 Cal.App.2d 688 [345 P.2d 124]; *Adler* v. *Department of Alcoholic Beverage Control*, 174 Cal. App.2d 256 [344 P.2d 336]; *Brice* v. *Department of Alcoholic Beverage Control*, 153 Cal.App.2d 315 [314 P.2d 807].)

The testimony of the agents and the admission of appellant Samaras were clearly sufficient to support the decision of the department.

The judgment is affirmed.

Bray, P. J., and Duniway, J., concurred.