**George Earl GOFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42281.**

Court of Criminal Appeals of Texas.

Nov. 5, 1969.

Stanley F. Swenson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the subsequent offense of driving a motor vehicle on a public road while intoxicated; the punishment, one year in the Texas Department of Corrections.

■ The record reflects that appellant was driving a pickup truck on a public road and was involved in a collision with a motorcycle in which the cyclist was killed. Officer Malinowski of the Houston Police

**314**

Department testified that he was with appellant for some six or seven hours after the collision; that appellant had difficulty pronouncing words, was unsteady on his feet and had a strong odor of alcohol on his breath. He was of the opinion that appellant was intoxicated.

Robert Crawford, a chemist and toxicologist, testified that appellant's urine specimen contained .32% and his blood sample contained .20% alcohol by weight and that such concentration of alcohol would definitely produce intoxication. The prior conviction was stipulated.

Appellant testified that he had two beers at the Westview Lounge at approximately two o'clock in the afternoon, went home and returned to the lounge and had one beer at approximately seven o'clock, a short time before the collision, which occurred about a hundred feet from the lounge.

The evidence is sufficient to support the conviction. See Andrews v. State, Tex. Cr.App., 403 S.W.2d 430.

Appellant contends that reversible error was committed when the State offered to introduce a photograph of the deceased on his motorcycle which had been made sometime before the collision. When the photograph was offered, an objection that it was immaterial was sustained. There is no showing that the jury saw the photograph. No reversible error is shown.

It is contended that the penalty of one year constitutes cruel and unusual punishment.

Article 802b, Vernon's Ann.P.C., provides for a penalty not to exceed five years for subsequent offense of driving while intoxicated. Such penalty is well within the statutory limit and is not excessive. Collins v. State, Tex.Cr.App., 440 S.W.2d 855.

There being no reversible error, the judgment is affirmed.