**David Leon COTTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 035–84.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1985.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Patricia Saum and Kent Ellis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

This is an appeal from a conviction of the misdemeanor offense of selling beer to a person showing evidence of intoxication in violation of V.T.C.A., Alcoholic Beverage Code, §§ 61.71(a)(6) and 61.77. Appellant was convicted in a bench trial and, pursuant to the general penalty provision of V.T. C.A., Alcoholic Beverage Code, § 1.05, punishment was assessed by the court at a fine of $200.00.

On November 17, 1983, the Court of Appeals affirmed the conviction in a published opinion. *Cotton v. State,* 662 S.W.2d 110 (Tex.App.—Houston [1st Dist.] 1983). With one justice dissenting, the Court of Appeals upheld the validity of § 61.71(a)(6),

supra, against appellant's assertion that the statute is unconstitutionally vague. On April 18, 1984, we granted appellant's petition for discretionary review to examine the constitutionality of § 61.71(a)(6). We reverse.

V.T.C.A., Alcoholic Beverage Code, § 61.-71 (Grounds for Cancellation or Suspension: Retail Dealer), provides in pertinent part:

"(a) The commission or administrator may suspend for not more than 60 days or cancel an original or renewal retail dealer's on-or off-premise license if it is found, after notice and hearing, that the licensee:

. . . . .

(6) sold, served, or delivered beer to a person *showing evidence of intoxication.*[1] (Emphasis added.)

V.T.C.A., Alcoholic Beverage Code, § 61.-77 (Certain Acts Also Violations of Code), reads in part:

"Any act of omission or commission which is a ground for cancellation or suspension of a license under section 61.-71 ... of this code is also a violation of this code, punishable as provided in Section 1.05 of this code...."

V.T.C.A., Alcoholic Beverage Code, § 1.05 (General Penalty), provides:

"(a) A person who violates a provision of this code for which a specific penalty is not provided is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $100 nor more than $1000 or by confinement in the county jail for not more than one year or by both.

(b) The terms 'specific penalty,' as used in this section, means a penalty which might be imposed as a result of a criminal prosecution."

V.T.C.A., Alcoholic Beverage Code, § 61.-71(d), provides that the ground set forth in subsection (a)(6) "also [applies] to an agent, servant, or employee of the licensee."

Appellant argues that an overzealous police officer can determine that anyone shows "evidence of intoxication" and can use the § 61.71(a)(6) proscription as a subterfuge for the arrest of a license holder or employee of an establishment licensed by the Texas Alcoholic Beverage Commission. Appellant contends that there is no objective standard by which a person's conduct can be measured. We agree.

■ A statute which forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Connally v. General Const. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 323 (1926); *Passmore v. State,* 544 S.W.2d 399 (Tex.Cr.App.1976); *Baker v. State,* 478 S.W.2d 445 (Tex.Cr.App.1972); *Ex parte Chernosky,* 153 Tex.Crim. 52, 217 S.W.2d 673 (1949).

■ A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953), or if it "encourages arbitrary and erratic arrests and convictions." *Papachristou,* supra; *Thornhill v. Alabama,* 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); *Herndon v. Lowry,* 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937). Either is an independent ground. See also, *Goocher v. State,* 633 S.W.2d 860 (Tex.Cr.App.1982); *Bates v. State,* 587 S.W.2d 121 (Tex.Cr.App.1979); *McMorris v. State,* 516 S.W.2d 927 (Tex.Cr.App.1974).

The critical statutory phrase "evidence of intoxication" is readily distinguishable from the standard of guilt upheld by this Court in *Campos v. State,* 623 S.W.2d 657 (Tex.Cr.App.1981), and the standard of criminal responsibility upheld by the Houston Court of Appeals in *Alexander v.*

---

**1.** This standard is the lineal descendant of a 1937 amendment to the Texas Liquor Control Act. See, Acts 1937, 45th Leg., p. 1053, 1108, ch. 448, Art. II, § 19(b).

*State*, 630 S.W.2d 355 (Tex.App.—Houston [1st] 1982, no pet.).

In *Campos*, supra, the defendant attacked the constitutional validity of V.T.C.A., Alcoholic Beverage Code, § 101.63(a), which provides:

"(a) A person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an *intoxicated* or insane *person*." (Emphasis added.)

Finding that the word "intoxicated" was not statutorily defined, we held that it was to be given its commonly understood meaning. Thus defined, "[a] person of common intelligence can determine with reasonable precision what conduct it is his duty to avoid under the statute." *Campos*, supra at 659. And indeed we can.

In *Alexander*, supra, the Court of Appeals sustained the validity of the Texas public intoxication statute, V.T.C.A., Penal Code, § 42.08(a), which provides:

"(a) An individual commits an offense if he appears in a public place *under the influence of alcohol* or any other substance, *to the degree that he may endanger himself or another*." (Emphasis added.)

Again, this is a readily ascertainable standard of prohibited conduct. See *Davis v.*

*State*, 576 S.W.2d 378, n. 2, (Tex.Cr.App. 1978), *reh'g denied en banc*, (1979).

It can easily be seen, however, that there is a substantial and significant distinction between the criteria *"an intoxicated person"* or a person *"under the influence of alcohol ... to the degree that he may endanger himself or another"* and the criteria *"a person showing evidence of intoxication."* [2] The latter category encircles and describes not only those who are so intoxicated that they exhibit "outward signs" of that condition, but also those who are not intoxicated, yet, nevertheless, exhibit one or more of the classic symptoms of intoxication that are universally accepted as "evidence" in criminal cases. Therein lies the problem.

"Evidence of intoxication" encompasses specific conduct that, when combined with other specific conduct which is also evidence of intoxication, leads to the conclusion that a person is intoxicated or is under the influence of alcohol to the degree that he may endanger himself or another.[3] But individual symptoms of intoxication, when manifesting themselves alone instead of in concert, bear little relation to ascertainable criminal conduct. Slurred speech, bloodshot eyes, a staggering gait, or simple drowsiness are each individually "evidence of intoxication," but common experience

**2.** The same distinction lies between the instant statute and those which refer to an "obviously intoxicated person," see Cal.Bus. & Prof.Code, § 25602(a) (West Supp.1984), or a "person visibly intoxicated," see Pennsylvania Liquor Code, Pa.Stat.Ann. tit. 47, § 4–493 (Purdon 1969).

**3.** Evidence of intoxication may include, inter alia:

(a) slurred speech:

*Campos v. State*, 623 S.W.2d 657 (Tex.Cr.App.1981); *Annis v. State*, 578 S.W.2d 406 (Tex.Cr.App.1979); *Balli v. State*, 530 S.W.2d 123 (Tex.Cr.App.1975); *Heck v. State*, 507 S.W.2d 737 (Tex.Cr.App.1974); *Rangel v. State*, 502 S.W.2d 152 (Tex.Cr.App.1973);

(b) bloodshot eyes:

*Annis*, supra; *Rangel*, supra; *Vaughn v. State*, 493 S.W.2d 524 (Tex.Cr.App.1972); *Wagoner v. State*, 402 S.W.2d 738 (Tex.Cr.App.1966); *Hooker v. State*, 388 S.W.2d 951 (Tex. Cr.App.1965);

(c) the odor of alcohol on the person:

*Dorsche v. State*, 514 S.W.2d 755 (Tex.Cr.App.1974); *Fontenot v. State*, 486 S.W.2d 941

(Tex.Cr.App.1972); *Johnson v. State*, 446 S.W.2d 324 (Tex.Cr.App.1969); *Thurmond v. State*, 441 S.W.2d 528 (Tex.Cr.App.1969); *Lamb v. State*, 409 S.W.2d 418 (Tex.Cr.App. 1966);

(d) unsteady balance:

*Campos*, supra; *Dorsche*, supra; *Nichols v. State*, 504 S.W.2d 462 (Tex.Cr.App.1974); *Rangel*, supra; *Fontenot*, supra; *Goff v. State*, 446 S.W.2d 313 (Tex.Cr.App.1969);

(e) a staggered gait:

*Dickey v. State*, 552 S.W.2d 467 (Tex.Cr.App. 1977); *Casey v. State*, 414 S.W.2d 657 (Tex.Cr.App.1967); *Riley v. State*, 406 S.W.2d 438 (Tex.Cr.App.1966); *Evans v. State*, 402 S.W.2d 756 (Tex.Cr.App.1966); *Hooker*, supra; *Lacy v. State*, 374 S.W.2d 244 (Tex.Cr.App.1963); and

(f) the odor of alcohol on the breath:

*Campos*, supra; *Annis*, supra; *Balli*, supra; *Heck*, supra; *Rangel*, supra; *Day v. State*, 474 S.W.2d 246 (Tex.Cr.App.1971); *Goff*, supra; *Hooker*, supra; among other things.

teaches us that each may be demonstrated by the intoxicated or the abstemious, the soused or the sober. So is serving a person exhibiting one of these symptoms a violation of the law or not? Similarly, since alcoholic breath is "evidence of intoxication," if while receiving a patron's order for a second beer the tavern owner detects the odor of the first on the customer's breath, is it or is it not a violation of § 61.71(a)(6) for the licensee to consummate the sale of that second beer?

 Our inability to answer these questions, except with a guess, demonstrates clearly that § 61.71(a)(6) is unconstitutionally vague. The perimeters of its prohibition are imprecise. It is axiomatic that a criminal statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). As currently enacted, a retail dealer licensee must simply guess at the standard of criminal responsibility. Further, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them." *Grayned*, supra. It is not sufficient to leave enforcement to the sound discretion of the police, trusting them to invoke the law only in appropriate (whatever that means) cases. A criminal statute must itself be precisely drawn so that it eliminates the risk of capricious application rather than fosters it as the present statute does.

We hold, therefore, that § 61.71(a)(6) is unconstitutionally vague and unenforceable as a penal sanction. Accordingly, the judgments of the court of appeals and the trial court are reversed and the cause is remanded to the trial court for dismissal of the information.

TEAGUE, Judge, concurring.

I wholeheartedly agree with the conclusion that Judge Miller forms in the opinion he writes for the Court, that "Our inability to answer these questions,·[which are set out in the opinion], except with a guess, demonstrates clearly that Section 61.-71(a)(6) is unconstitutionally vague."

I write because the Legislature is now in session, and believe that they should be expressly informed of the action this Court has taken. I also believe that it would be very simple for that body of our government to reword the statute so that a properly worded statute, which unquestionably is needed to protect some of our citizens, will be available not only to law enforcement personnel, but to the large number of persons who sell, serve, or deliver beer to other persons to be consumed on the spot.

I also write because I believe that there is a world of difference in meaning between the phrase "showing evidence of intoxication" and the phrases "obviously intoxicated" or "visibly intoxicated" or "actually or apparently under the influence of liquor." It is the failure of the State and Presiding Judge Onion, and those judges who join his dissenting opinion, to see the obvious distinction in meaning that the terms facially have that causes their positions to be unacceptable. As Judge Miller has so cogently and clearly demonstrated, and pointed out for the Court, for one to make the determination that another person is "showing evidence of intoxication" can amount only to a mere guess that such person has consumed "one too many beers." Without question, to uphold such a statute as we have here would permit an overzealous member of law enforcement to unlawfully invade the privacy of some of our citizens. As to the other phrases, however, I find that facially they are sufficiently clear to put one person on notice that another person has consumed one too many beers.

I find that when the Legislature enacted Section 61.71 of the Alcoholic Beverage Code, its intent was to put wait persons on notice that they must take negative action, in the form of refusing to serve a person "one more beer," if they observe that that person has had "one too many beers." I also find that the Legislature intended that if persons who sell, serve, or deliver "one more beer" to a person who has had "one

too many beers," if caught, they had to suffer the consequences for not taking negative action. However, it is apparent to me that when the statute was drafted, the drafters failed to peruse like statutes of other States. Had they done so, I believe that they would have drafted a statute that would have passed muster, rather than drafting the above statute, which, on its face, is obviously unconstitutional.

ONION, Presiding Judge, dissenting.

Appellant was convicted in a bench trial of the offense of selling beer to a person "showing evidence of intoxication," in violation of V.T.C.A., Alcoholic Beverage Code, §§ 61.71(a)(6),[1] and 61.77. Punishment was assessed by the court at a fine of $200.00. V.T.C.A., Alcoholic Beverage Code, § 1.05.

On appeal appellant complained the information failed to state an offense, and attacked the constitutionality of V.T.C.A., Alcoholic Beverage Code, § 61.71(a)(6). He contended that the phrase in the statute "showing evidence of intoxication" is so vague and overbroad that it is unconstitutional when applied in a criminal context. The panel of the Houston Court of Appeals [1st Dist.] affirmed the conviction with one justice dissenting on the constitutional question. *Cotton v. State*, 662 S.W.2d 110 (Tex.App.—Houston [1st Dist.] 1983). We granted appellant's petition for discretionary review Court of Appeals' holding that said § 61.71(a)(6) is constitutional.

V.T.C.A., Alcoholic Beverage Code, § 61.71 (Grounds for Cancellation or Suspension: Retail Dealer), reads in part:

"(a) The commission or administrator may suspend for not more than 60 days or cancel an original or renewal retail dealer's on- or off-premise license if it is found, after notice and hearing, that the licensee:[2]

"(1) * * *

"* * * *

"(6) sold, served, or delivered beer to a person *showing evidence of intoxication;* ...." (Emphasis supplied.)

V.T.C.A., Alcoholic Beverage Code, § 61.77 (Certain Acts Also Violations of Code), reads:

"Any act or omission or commission which is a ground for cancellation or suspension of a license under Section 61.71, 61.74, or 61.75 of this code is also a violation of this code, punishable as provided in Section 1.05 of this code, except that the penalty for making a false statement in an application for a license or in a statement, report, or other instrument to be filed with the commission, which is required to be sworn, is provided in Section 101.69 of this code."

V.T.C.A., Alcoholic Beverage Code, § 1.05 (General Penalty), provides:

"(a) A person who violates a provision of this code for which a specific penalty is not provided is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $100 nor more than $1,000 or by confinement in the county jail for not more than one year or by both.

"(b) The term 'specific penalty,' as used in this section, means a penalty which might be imposed as a result of a criminal prosecution."

Appellant argues that an overzealous police officer can determine that anyone "shows evidence of intoxication" and can use that section's proscription as a subterfuge for the arrest of a license holder or employee of an establishment licensed by the Texas Alcoholic Beverage Commission.

Whenever an attack upon the constitutionality of a statute is presented for determination, we commence with the presumption that such statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the statute. See *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Cr.App.1978); *Ex parte Smith*, 441 S.W.2d

---

1. As amended, Acts 1981, 67th Leg., p. 254, ch. 107, § 5, eff. Sept. 1, 1981.

2. V.T.C.A., Alcoholic Beverage code, § 61.71(d), provides that Subsection (a)(6) also applies to an agent, servant, or employee of the licensee.

544 (Tex.Cr.App.1969); *Smith v. Davis,* 426 S.W.2d 827 (Tex.Sup.Ct.1968). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Ex parte Granviel,* supra; *Robinson v. Hill,* 507 S.W.2d 521 (Tex.Sup.Ct.1974). See also *Broyles v. State,* 552 S.W.2d 144, 148 (Tex.Cr.App.1977).

It is the duty of the court to uphold the statute if a reasonable construction of said statute can be ascertained which will render it constitutional and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416 (Tex.Cr.App.1974). If a statute is capable of two constructions, one of which sustains its validity, the courts will give to it the interpretation that sustains its validity. *Townsend v. State,* 427 S.W.2d 55 (Tex.Cr. App.1968); *Ex parte Granviel,* supra, and cases there cited.

In 53rd Tex.Jur.2d, Statutes, § 184, p. 277, it is written:

"Every reasonable intendment and presumption will be made in favor of the constitutionality and validity of a statute, until the contrary is clearly shown. The legislature is presumed to have regarded constitutional limitations or requirements in enacting laws, as assiduously as the courts do in construing and applying them. And before a legislative act will be set aside, it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption."

The standard rule, which has become axiomatic, in considering allegations that a statute is void for vagueness and indefiniteness is:

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ

as to its application lacks the first essential of due process. *Ex parte Chernosky,* 217 S.W.2d 673 (Tex.Cr.App.1949); *Ely v. State,* supra; *Connally v. General Construction Company,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed.2d 322 (1925); *Lanzetta v. New Jersey,* 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1938).[3] A law must be sufficiently definite that its terms and provisions may be known, understood and applied; otherwise, it is void and unenforceable. *Floyd v. State,* 575 S.W.2d 21 (Tex.Cr.App.1978). See also *Ex parte Granviel,* supra; *Ex parte Holsted,* 147 Tex.Cr.R. 453, 182 S.W.2d 479, 482 (1944).

The standard rule has been adopted in Texas as the citations indicated. However, as noted in *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), greater leeway is allowed when a court considers allegations of vagueness and indefiniteness in "regulatory statutes governing business activities." 405 U.S. at 162, 92 S.Ct. at 843. In that respect, the court can consider both the face and the conduct to which it is applied. See *United States v. National Dairy Products,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). Furthermore, the language under attack can be "measured by common understanding and practices" or "construed in the sense generally understood." *United States v. Petrillo,* 332 U.S. 1, at 8, 67 S.Ct. 1538 at 1542, 91 L.Ed. 1877 (1947). See *Ex parte Chernoski,* supra; at 674; *Ely v. State,* supra, at 419.

A statute is not rendered unconstitutionally vague merely because its words or terms are not specifically defined. *Floyd v. State,* supra at 23; *Powell v. State,* 538 S.W.2d 617, 619 (Tex.Cr.App.1976), cert.

---

**3.** In *McMorris v. State,* 516 S.W.2d 927, 929 (Tex.Cr.App.1974), this court wrote:

"A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *Papachristou v. City of Jacksonville,* 405 U.S. 165, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed.2d 989

(1953), and if it encourages arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville,* supra; *Thornhill v. Alabama,* 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed.2d 1093 (1940); *Herndon v. Lowrey,* 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed.2d 1066 (1937)." See also *Goocher v. State,* 633 S.W.2d 860 (Tex.Cr. App.1982); *Bates v. State,* 587 S.W.2d 121 (Tex.Cr.App.1979).

den. 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298.

V.T.C.A., Alcoholic Beverage Code, § 1.02, provides that the Code Construction Act (Article 5429b–2, V.A.C.S.) applies to the construction of each provision of the code except as otherwise expressly provided. Section 2.01 of said Code Construction Act provides that words and phrases are to be "read in context and construed according to the rules of grammar and common usage."

We also observe that Article XVI, § 20, provides in part:

> "The Legislature shall also have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors."

V.T.C.A., Alcoholic Beverage Code, § 1.03 (Public Policy), provides:

> "This code is an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of the state. It shall be liberally construed to accomplish this purpose." [4]

Turning to the challenged phrase in § 61.71(a)(6) of the Alcoholic Beverage Code, "showing evidence of intoxication," we do not find that the phrase is defined for the purpose of the statute or for the Alcoholic Beverage Code.

However, in *Campos v. State*, 623 S.W.2d 657 (Tex.Cr.App.1981), this Court upheld the constitutionality of V.T.C.A., Alcoholic Beverage Code, § 101.63, against the contention that it fails to provide a standard or definition of the words "intoxicated" or "intoxication." Section 101.63 reads in pertinent part:

> "(a) A person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an intoxicated or insane person."

**4.** The liquor business is subject to regulation under the police power of the state. *Neel v. Texas Liquor Control Board,* 259 S.W.2d 312

In rejecting Campos' contention, this Court wrote:

> "We hold that since the word 'intoxicated' as used in said Section 101.63 is not defined therein or otherwise statutorily defined for the purpose of such statute it is to be given its commonly understood meaning.
>
> "We cannot agree that the failure to define 'intoxicated' in Section 101.63 renders the statute 'defective' or unconstitutionally vague. A person of common intelligence can determine with reasonable precision what conduct it is his duty to avoid under the statute."

In *McMorris v. State*, 516 S.W.2d 927 (Tex.Cr.App.1974), the defendant was found guilty of a violation of Article 341(b), V.A.P.C., 1925 (resisting arrest by use of a firearm against a peace officer). The statute in pertinent part provided:

> "A person who uses or exhibits a firearm in resisting any lawful arrest, apprehension, or investigation by a peace officer is guilty of a felony...."

McMorris contended that the statute provided no standards for determining whether an act is a criminal act and that a person of ordinary intelligence cannot determine from the wording of the statute what is prohibited. He contended the terms "... exhibit, resisting lawful arrest, apprehension and investigation" were subject to overly broad interpretation.

In rejecting the contention this Court wrote:

> "The meaning of the words used in Article 341(b), V.A.P.C., are well known and may be understood by a person of ordinary intelligence. They give fair notice of the acts prohibited. The statute does not threaten constitutionally protected conduct of this appellant or of others. It is not overbroad. See *Colten v. Kentucky*, supra [407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1982)]. Cf. *Cox v. Louisiana*, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965)."

(Tex.Civ.App.—Austin 1953), ref. n.r.e. See also *Munoz v. City of San Antonio,* 318 S.W.2d 741 (Tex.Civ.App.—San Antonio 1959).

See also *Alexander v. State*, 630 S.W.2d 355 (Tex.App.—Houston [1st] 1982) (no pet. hist.), holding the public intoxication statute (V.T.C.A., Penal Code, § 42.08), which states that an individual commits an offense if he appears in a public place under the influence of alcohol or any other substance to a degree that he may endanger himself or another, was not unconstitutionally vague and overbroad.

Although the phrase "showing evidence of intoxication" is not defined in the Code, we observe that "evidence" is defined in Webster's New Collegiate Dictionary as "a. an outward sign: Indication; b. something that furnishes proof." The Random House Dictionary of the English Language, Unabridged Edition (1965), defines "evidence" as "1. ground for belief; that which tends to prove or disprove something, proof 2. something that makes evident; an indication or sign. The same authority defines "evident" as "plain or clear to the sign or understanding." And in *Campos v. State*, supra, this Court examined the commonly understood meaning of the word "intoxication."

In *Rice v. Alcoholic Beverage Control Appeals Board*, 173 Cal.Rptr. 232, 118 Cal. App.3d 30 (2d Dist.1981), a California court was called upon to construe § 25602(a) of the Business and Professions Code of that state. The California statute provides:

"Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to *any obviously intoxicated person* is guilty of a misdemeanor." (Emphasis added.)

In *Rice* the court stated:

"*Courts have long recognized that the outward manifestations of intoxication are well known and easily recognized.* In *Coulter v. Superior Court* (1978), 21 Cal.3d 144, 155, 145 Cal.Rptr. 534, 577 P.2d 669, the court said: 'Defendants have argued the term 'obviously intoxicated' is too broad and subjective to serve as a satisfactory measure for imposition of civil liability. However, the phrase is contained in section 25602, a criminal statute, and the courts have experienced no discernible difficulty in applying it. [See *Samaras v. Dept. of Alcoholic Beverage Control* (1960), 180 Cal.App.2d 842, 844, 4 Cal.Rptr. 857; *People v. Smith* (1949) 94 Cal.App.2d Supp. 975, 210 P.2d 98; *People v. Johnson* (1947) 81 Cal.App.2d Supp. 973, 975–976, 185 P.2d 105). As described in *Johnson*.]...." (Emphasis supplied.)

In *Johnson*, supra, the court wrote:

"It seems clear, therefore, that a duty is placed upon the seller, before serving the intended purchaser, to use his powers of observation to such extent as to see that which is easily seen and to hear that which is easily heard, under the conditions and circumstances then and there existing. On the other hand, it is equally clear that he is not required to subject the customer to tests which disclose symptoms not readily apparent to anyone having normal powers of observation—sight, hearing and possibly smell. The use of intoxicating liquor by the average person in such quantity as to produce intoxication causes many commonly known outward manifestations which are 'plain' and 'easily seen or discovered.' If such outward manifestations exist and the seller still serves the customer so affected he has violated the law, whether this was because he failed to observe what was plain and easily seen or discovered, or because, having observed, he ignored that which was apparent. Upon the trial, therefore, the facts constituting the alleged outward manifestations should be presented, and it is the exclusive province of the jury to determine whether or not they are such as to be obvious to a person having normal powers of observation, and recognizable as the usual indications of an intoxicated person." See also *Kyle v. State*, 366 P.2d 961 (Okla.Cr.App.1961).

The Pennsylvania Liquor Code (47 P.S. § 4–493), provides in part:

"It shall be unlawful for any licensee ... or any employee, servant or agent of

such licensee, ... or any other person to sell, furnish, or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverage to be sold furnished or given to *any person visibly intoxicated,* or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits." (Emphasis supplied.)

In *Smith v. Evans,* 421 Pa. 247, 219 A.2d 310 (1966), the court said:

"If a tavern keeper serves intoxicating liquors to anyone in a visible state of intoxication he violates the law...." See also *Connelly v. Ziegler,* 380 A.2d 902, 251 Pa.Super. 521 (1977).

In New York, § 65 of the Alcoholic Beverage Control Code, provides in part:

"No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverage to ...

"2. any intoxicated person or to any person, *actually or apparently under the influence of liquor;*

"3. any habitual drunkard known to be such to the person authorized to dispense any alcoholic beverages." (Emphasis supplied.)

In 45 Amer.Jur.2d, Intoxicating Liquors, § 268, p. 669, it is written:

"Statutes frequently prohibit the selling, giving, or furnishing of intoxicating liquors to intoxicated persons. These usually place a duty upon the seller, before he serves a prospective purchaser, to use his powers of observation to see that which can easily be seen and hear that which can easily be heard and the existing conditions and circumstances, although he is not required to subject his customers to tests which would disclose symptoms not readily apparent to one having normal powers of observation."

Appellant argues that under the literal wording of the instant Texas statute— "showing evidence of intoxication," arbitrary and capricious arrests could be made by over zealous police officers. He urges there is no objective standard by which a person's conduct can be measured. He questions whether it would be proper to arrest an individual who sells beer to a person who merely has bloodshot eyes, who simply appears sleepy, drowsy, or who simply stumbles before the sale. Appellant asks "would it be proper to arrest and charge a bartender who sells a beer to a person who has had one other beer simply because that person now has a strong smell of alcohol on his breath?" Appellant asserts that since there is no ascertainable standard of guilt, the statute in question is vague and overbroad and it should be held unconstitutional.

The State argues it is a cardinal rule of statutory construction that where statutory words are not defined, the words employed are given their plain meaning, their common usage. It contends the statutory phrase in question means it is an offense to serve beer to one who is exhibiting "outward signs" or "proof of intoxication."

The Texas Alcoholic Beverage Code is an exercise of the police power of the State for the protection of the welfare, health, peace and temperance and safety of the people. V.T.C.A., Alcoholic Beverage Code, § 1.03. The statute is presumed to be constitutional. The requirement of reasonable certainty in statutes affecting individuals does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. *Sproles v. Binford,* 286 U.S. 374, 393, 52 S.Ct. 581, 586–587, 76 L.Ed. 1167 (1932); *Budd v. Madigan,* 418 F.2d 1032 (9th Cir.1969). The standard, as seen, for determining whether a statute is void for vagueness is whether it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. *Papachristou v. City of Jacksonville,* supra; *McMorris v. State,* supra. The regulatory statute here challenged meets that standard and passes the test. It is not vague and overbroad. It is constitutional. See Fourteenth Amendment, United States Constitution; Article I, § 19, Texas Constitution.

The judgment of the Court of Appeals should be affirmed. I dissent.

THOMAS G. DAVIS and W.C. DAVIS, JJ., join.

