[No. B051897. Second Dist., Div. Two. Aug. 10, 1990.]

ALBERTO R. PAEZ, Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,
Respondent.

**COUNSEL**

Adolph Bustos for Petitioner.

No appearance for Respondent.

**OPINION**

**THE COURT.\***—Alberto R. Paez, doing business as El Naco Beer Bar, seeks review of a final order of the Alcoholic Beverage Control Appeals Board suspending his on-sale beer license for 60 days, with 20 days stayed, for having served an alcoholic beverage to an obviously intoxicated person. (Bus. & Prof. Code, §§ 24200, subds. (a) and (b), 25602, subd. (a).)

██ Other than seeking to have us reweigh the evidence, which, of course, is not our function (Bus. & Prof. Code, § 23090.2), petitioner contends it was error for the administrative law judge to permit an officer, after describing the customer's conduct and appearance, to state that in his expert opinion this individual was "obviously" intoxicated, since this issue was the ultimate one to be determined in the proceeding. He relies upon two early decisions of the Appellate Department of the Los Angeles Superior Court in *People* v. *Johnson* (1947) 81 Cal.App.2d Supp. 973 [185 P.2d 105], and *People* v. *Smith* (1949) 94 Cal.App.2d Supp. 975 [210 P.2d 98].

Irrespective of whether those decisions may initially have been correct, they no longer state the law. "Testimony in the form of an opinion that is otherwise admissible is not objectionable because it embraces the ultimate issue to be decided by the trier of fact." (Evid. Code, § 805; see Law Revision Com. com., Deering's Ann. Evid. Code (1986 ed.) p. 26 thereto; *People* v. *Cole* (1956) 47 Cal.2d 99, 105 [301 P.2d 854, 56 A.L.R.2d 1435]; *People* v. *Polk* (1964) 61 Cal.2d 217, 233 [37 Cal.Rptr. 753, 390 P.2d 641];

---

\*Before Roth, P. J., Gates, J., and Klein (B.), J.†

---

†Assigned by the Chairperson of the Judicial Council.

*Corn* v. *State Bar* (1968) 68 Cal.2d 461, 466 [67 Cal.Rptr. 401, 439 P.2d 313]; *Ecco-Phoenix Electric Corp.* v. *Howard J. White, Inc.* (1969) 1 Cal.3d 266, 271 [81 Cal.Rptr. 849, 461 P.2d 33].) Therefore, lest they continue to cause confusion when cited, to the extent that *People* v. *Johnson, supra,* 81 Cal.App.2d Supp. 973, and *People* v. *Smith, supra,* 94 Cal.App.2d Supp. 975, hold otherwise, they are overruled.

Trial courts and administrative law judges, of course, retain discretion to disallow such a question under the principles restated in Evidence Code sections 352, 720, subdivision (a), 765, subdivision (a), 800, and 801. However, here petitioner made no motion to strike the officer's response but even if he had it would not have been an abuse of discretion to have refused it.

The petition for review is denied.