

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-400-CR

GARRETT TUBB                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one point, appellant Garrett Tubb argues that the evidence is legally insufficient to support his conviction for driving while intoxicated (DWI)—misdemeanor repetition. We will affirm.

At approximately 8:00 p.m., June 2, 2006, Lieutenant Jim Pell of the Hurst Police Department traveled to Highway 121 and Precinct Line Road,

----

[1] *See* Tex. R. App. P. 47.4.

Tarrant County, Texas, to investigate a 911 report of erratic driving. While traveling southbound on Precinct Line Road, Pell saw what he believed to be the vehicle described by dispatch—Tubb's vehicle. After witnessing Tubb "cross into another lane a couple of times" and "swerve[] back sharply" to an extent that Pell believed Tubb's vehicle "was going to roll [over]," Pell initiated a traffic stop by turning on his overhead lights and blasting his siren. Pell approached Tubb's vehicle from the passenger side and saw an open beer bottle in the console. Pell testified that as soon as the door came open, "I smelled the strong smell of alcohol." Pell said that he asked Tubb if he had been drinking and that Tubb acknowledged "he'd had a couple." Pell said that, given what he had observed to that point, he believed Tubb was intoxicated.

Officer Dusty Smith of the Hurst Police Department then arrived at the scene. Smith took over the investigation. Smith said that he could smell alcohol, both on Tubb's person and on his breath, and that Tubb had "watery and bloodshot" eyes. Smith conducted the walk-and-turn and one-legged-stand tests on Tubb. Smith testified that Tubb failed both tests. Smith said that he even had to catch Tubb from falling at one point. Smith stated that he also determined that Tubb was intoxicated. Smith said that he placed Tubb under arrest for DWI and also conducted an inventory search of Tubb's vehicle, where in addition to the open beer bottle, they found a "shot glass" that contained a

2

"clear, light-brown colored beverage . . . that smelled of alcohol." After the officers took Tubb to the police station, Tubb refused to provide a breath sample; refused to sign the DWI statutory warnings; and refused to partake in post-arrest field-sobriety testing.

The State charged Tubb with DWI, including an open-container enhancement paragraph and a previous DWI conviction enhancement paragraph. Tubb pleaded not guilty to the DWI. A jury found Tubb guilty and assessed punishment at seventy-five days in the Tarrant County jail and a $750 fine. This appeal followed.

In one point, Tubb argues that the evidence is legally insufficient to sustain his conviction. Tubb challenges only the legal sufficiency of the evidence that he was intoxicated. Tubb argues that he could not have been intoxicated because he stopped for the police when he was pulled over; he was able to exit his vehicle "without a problem"; he did not exhibit slurred speech when the police encountered him; he "performed" the field-sobriety tests on "the portion of the shoulder [to the road] that sloped downward"; and Smith testified that even if Tubb had retaken the field-sobriety tests successfully, he still would have arrested Tubb. We agree with the State that legally sufficient evidence exists to support Tubb's conviction.

The State is required to prove every element of an offense beyond a reasonable doubt.  Tex. Penal Code Ann. § 2.01 (Vernon 2003).  A person commits the offense of DWI if the person is intoxicated while operating a vehicle in a public place.  *Id*. § 49.04(a) (Vernon 2003).

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

As a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for the offense of DWI.  *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (reasoning that an officer's testimony that a person was intoxicated provided sufficient evidence to establish the element of intoxication); *see also Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating that the testimony of a police officer that an individual is intoxicated is probative evidence of intoxication).  Additionally, evidence of intoxication may be proven by a combination of individual symptoms of intoxication that when taken individually do not necessarily prove intoxication.

*See Cotton v. State*, 686 S.W.2d 140, 143 n.3 (Tex. Crim. App. 1985) (noting that evidence of intoxication may include, among other things, slurred speech, bloodshot eyes, odor of alcohol, unsteady balance, and staggered gait). And in addition to an officer's testimony, a jury may consider video of a defendant's performance on field-sobriety tests as direct evidence of intoxication. *Paschall v. State*, 285 S.W.3d 166, 177 (Tex. App.—Fort Worth 2009, pet. ref'd).

In this case, both investigating officers testified that Tubb was intoxicated. Smith, who conducted the field-sobriety tests, said that Tubb had failed both the one-legged-stand and the walk-and-turn tests. Both officers testified that Tubb smelled of alcohol during their initial encounter with him. Smith also testified that when he encountered Tubb, Tubb had "watery and bloodshot" eyes. Pell testified that Tubb had admitted to drinking alcohol that evening. The officers also found evidence of alcohol consumption in Tubb's vehicle—an empty beer container and a shot glass containing what appeared to be an alcoholic beverage. The jury, however, was not forced to rely solely on the officers' testimony—the video recording of the detention and field-sobriety tests corroborated the officers' testimony that Tubb was intoxicated.

Based on this evidence, a rational trier of fact could have found the essential elements of DWI beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789. Having carefully reviewed the evidence under the

5

applicable standard, we hold that the evidence was legally sufficient to support

Tubb's conviction for DWI.  *See id*.  Thus, we overrule his sole point and affirm

the trial court's judgment.

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 5, 2009