Opinion issued February 23, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00058-CR

———————————

James Scott Hamilton, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 212th Judicial District Court 

Galveston County, Texas



Trial Court Case No. 09CR2341

 



 

MEMORANDUM OPINION

          A
jury found appellant, James Scott Hamilton, guilty of the felony offense of driving
while intoxicated[1]
and assessed his punishment at confinement for fifteen years.  In his sole issue, appellant contends that
the evidence is legally and factually insufficient to support his conviction.

          We
affirm.

Background

          Rudolfo Seebert testified that on
July 20, 2009, as he was driving his car to work, he passed an apartment
complex, from which a car driven by appellant “squeal[ed]
out.”   Appellant drove behind Seebert, but then passed Seebert
on his right side and said something to Seebert.  However, Seebert
could not hear appellant because his car windows were closed.  As appellant was driving on Seebert’s right side, the upcoming traffic signal turned
red, and appellant collided with a car, which had stopped at the traffic
signal.  Appellant then exited his car to
speak with Seebert, who noticed that appellant
smelled of alcohol and swayed from “side to side.”

Texas City Police Department Officer
J. Krietemeyer testified that he was dispatched to
the scene of the collision.  He contacted
both drivers and, as he “first approached” appellant, “notice[d] a smell of
alcohol coming from his person.”  Krietemeyer then conducted on appellant a “horizontal gaze nystagmus” sobriety test (“HGN test”), in which he
instructed appellant to follow a pen with his eyes while Krietemeyer
looked for any nystagmus, “an involuntary jerking of
the eyes” indicating intoxication. 
Although he instructed appellant not to move his head during the test,
“there were certain times where [appellant] moved his head left or right,”
which Krietemeyer explained can signify intoxication
due to an inability to follow instructions. 
Krietemeyer noted that appellant’s eyes could
not “smooth[ly]” track the pen and exhibited a nystagmus, from which Krietemeyer
concluded that appellant had failed the HGN test.  

In addition to the observations
made during the HGN test, Officer Krietemeyer noted
appellant’s “[s]lurred speech, glassy eyes,” and
inability “to hold his balance.”  He also
noted that other officers had smelled alcohol on appellant’s person.  After taking the HGN test, appellant refused
to undergo any more sobriety tests or give Krietemeyer
a breath or blood sample.  Because
appellant requested emergency medical assistance, he was not arrested at the
scene.  On cross-examination, Krietemeyer admitted that appellant complained of “shoulder
and elbow pain” after the collision and, as revealed in the videotape of the
HGN test, favored his left side and held his left elbow.

          Lauren
Eastep, appellant’s sister, testified that on the
night of the collision, appellant had arrived at her home at around 9:40 p.m.
and did not appear intoxicated. 
Appellant “drank a beer” while “sitting on [her] front porch,” and he
then argued with Eastep because she had told him that
“he needed to come in the house because . . . [she] was locking the door.”  After the argument, appellant got into his
car and left Eastep’s house.  Although appellant seemed
“upset,” Eastep did not believe that he was
intoxicated.  She explained that five
to ten minutes after appellant had left her house, appellant called her to
inform her that he was involved in a car collision.  When she arrived at the scene of the collision,
she noticed that appellant was holding his left elbow and had a “knot on his
head.”  She also explained that appellant
limps because of a “medical issue” from “a long time ago.”  After viewing a videotape of Krietemeyer conducting the HGN test on appellant, Eastep concluded that appellant’s “use of his mental or
physical faculties” were “normal for him” on the night in question.  On cross-examination, Eastep
admitted that police officers at the scene informed her that they had found two
unopened cans of beer in appellant’s car.

Standard of Review

We review the legal sufficiency of the evidence “by
considering all of the evidence in the light most favorable to the prosecution”
to determine whether any “rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.”  Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 2788–89 (1979).  Our role is
that of a due process safeguard, ensuring only the rationality of the trier of
fact’s finding of the essential elements of the offense beyond a reasonable
doubt.  See Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). 
We give deference to the responsibility of the fact finder to fairly
resolve conflicts in testimony, to weigh evidence, and to draw reasonable
inferences from the facts.  Williams v. State, 235 S.W.3d 742, 750 (Tex.
Crim. App. 2007). 
However, our duty requires us to “ensure that the evidence presented
actually supports a conclusion that the defendant committed” the criminal
offense of which he is accused.  Id.  

We now review the factual
sufficiency of the evidence under the same appellate standard of review as that
for legal sufficiency.  Ervin
v. State, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010,
pet. ref’d).  

Sufficiency of the Evidence

  In his sole issue, appellant argues that the
evidence is insufficient to support his conviction because it revealed that the
“incident was most likely a case of road rage as opposed to driving while
intoxicated” and “would not support a guilty verdict to the standard of beyond
a reasonable doubt.” 

A person commits the
offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. 
Tex. Penal Code
Ann. § 49.04(a) (Vernon 2011).  “Intoxicated” is defined as “not having the
normal use of mental or physical faculties by reason of the introduction of
alcohol.”  Id. § 49.01(2) (Vernon 2011).

Here, both Officer Krietemeyer and Seebert testified
that appellant smelled of alcohol at the scene of the collision.  Krietemeyer noted
appellant’s “slurred speech, glassy eyes,” and inability to maintain his
balance.  He also opined that appellant had
failed the HGN test.  Krietemeyer
explained that appellant could not follow his instruction to keep his head
straight during the HGN test.  Seebert also testified that appellant caused the collision
and swayed from “side to side” while attempting to speak with Seebert after the collision.  The testimony from Krietemeyer
and Seebert included several characteristics that
constitute evidence of intoxication.  See Kirsch v. State, 306 S.W.3d 738, 745
(Tex. Crim. App. 2010) (“Other evidence that would logically raise an inference
that the defendant was intoxicated at the time of driving . . . includes . . .
post-driving behavior such as stumbling, swaying, slurring or mumbling words,
[and the] inability to perform sobriety tests or follow directions.”); Cotton v. State, 686 S.W.2d 140, 142
& n.3 (Tex. Crim. App. 1985) (listing “slurred speech,” “odor of alcohol on
a person,” and “unsteady balance” among factors that can be evidence of
intoxication); see also Henderson v.
State, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d)
(“The testimony of a police officer that an individual is intoxicated is
probative evidence of intoxication.”).  

Furthermore, Krietemeyer testified that appellant refused to provide a
breath or blood sample, which can also be considered evidence of
intoxication.  See Tex. Transp.
Code. Ann. § 724.061 (Vernon 2011); Bartlett v. State, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008)
(“Evidence of the [defendant’s] refusal to submit to a breath test is relevant
[because] . . . it tends to show a consciousness of guilt on his part.”).  

Viewing the evidence
in the light most favorable to the verdict, we conclude that a rational trier
of fact could have found the elements of the offense of driving while
intoxicated beyond a reasonable doubt.  See Moreno, 755 S.W.2d
at 867.  Accordingly, we hold that
the evidence is sufficient to support appellant’s conviction.

We overrule
appellant’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Jennings and Huddle.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code
Ann. § 49.04(a) (Vernon 2011).