James Henton ANDREWS, Appellant,

v.

The STATE of Texas, Appellee.

No. 39615.

Court of Criminal Appeals of Texas.

May 11, 1966.

Rehearing Denied June 22, 1966.

Chester A. Oehler, Dallas, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, Douglas D. Mulder, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is drunk driving; the punishment, one week in jail and a fine of $500.

The evidence reflected by the statement of facts reveals that on the date alleged in the information two cars were involved in an accident on Commerce Street in Dallas. One of the cars was driven by Paul Fred Tarno. It was struck from the rear by a 1962 Ford Fairlane owned by appellant, who was the only occupant of said car.

Appellant remained at the scene until officers arrived, interrogated and observed him and concluded that he was intoxicated.

A sample of blood taken from appellant was analyzed and Dr. Morton F. Mason testified that the result of the analysis showed that the alcohol concentration present in the specimen was "Zero point one nine five (0.195%) percent."

Dr. Mason expressed the opinion that any individual attaining a concentration of alcohol in his blood as great as one-tenth percent (0.10) or higher will be under the influence of alcohol, and that a person with 0.195 percent would not have the normal use of his mental and physical faculties.

The evidence is sufficient to sustain the jury's verdict.

In one portion of the judgment the defendant is referred to as James Newton Andrews, whereas elsewhere in the record, including the complaint and information, he is referred to as James Henton Andrews.

The judgment is reformed to conform to the information and to show the defendant's name as James Henton Andrews.

Appellant's principal ground for reversal is presented by his formal Bill of Exception No. One, which relates to the sustaining of a written motion by the state that the court instruct the defendant and his counsel to refrain from mentioning, referring or alluding to a policy of the District Attorney's Office not to prosecute driving while intoxicated cases where a scientific test determines the percentage of alcohol in the blood to be less than 0.15 percent, "without making known to the court the admissability and revelence of the same."

The record shows no proceeding in the presence of the jury regarding the motion or the ruling of the court, and there is no showing in the record that appellant was injured or prejudiced by the granting of the state's motion by endorsement thereon.

The judgment is affirmed.