COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-400-CR

 

 

GARRETT TUBB                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one
point, appellant Garrett Tubb argues that the evidence is legally insufficient
to support his conviction for driving while intoxicated (DWI)Cmisdemeanor
repetition.  We will affirm.








At
approximately 8:00 p.m., June 2, 2006, Lieutenant Jim Pell of the Hurst Police
Department traveled to Highway 121 and Precinct Line Road, Tarrant County,
Texas, to investigate a 911 report of erratic driving.  While traveling southbound on Precinct Line
Road, Pell saw what he believed to be the vehicle described by dispatchCTubb=s
vehicle.  After witnessing Tubb Across
into another lane a couple of times@ and Aswerve[]
back sharply@ to an extent that Pell believed
Tubb=s
vehicle Awas
going to roll [over],@ Pell initiated a traffic stop
by turning on his overhead lights and blasting his siren.  Pell approached Tubb=s
vehicle from the passenger side and saw an open beer bottle in the
console.  Pell testified that as soon as
the door came open, AI smelled the strong smell of
alcohol.@  Pell said that he asked Tubb if he had been
drinking and that Tubb acknowledged Ahe=d had a
couple.@  Pell said that, given what he had observed to
that point, he believed Tubb was intoxicated.








Officer
Dusty Smith of the Hurst Police Department then arrived at the scene.  Smith took over the investigation.  Smith said that he could smell alcohol, both
on Tubb=s person
and on his breath, and that Tubb had Awatery
and bloodshot@ eyes.  Smith conducted the walk-and-turn and
one-legged-stand tests on Tubb.  Smith
testified that Tubb failed both tests. 
Smith said that he even had to catch Tubb from falling at one
point.  Smith stated that he also
determined that Tubb was intoxicated. 
Smith said that he placed Tubb under arrest for DWI and also conducted
an inventory search of Tubb=s
vehicle, where in addition to the open beer bottle, they found a Ashot
glass@ that
contained a Aclear, light-brown colored
beverage . . . that smelled of alcohol.@  After the officers took Tubb to the police
station, Tubb refused to provide a breath sample; refused to sign the DWI
statutory warnings; and refused to partake in post-arrest field-sobriety
testing.

The
State charged Tubb with DWI, including an open-container enhancement paragraph
and a previous DWI conviction enhancement paragraph.  Tubb pleaded not guilty to the DWI.  A jury found Tubb guilty and assessed
punishment at seventy-five days in the Tarrant County jail and a $750
fine.  This appeal followed.

In one
point, Tubb argues that the evidence is legally insufficient to sustain his
conviction.  Tubb challenges only the
legal sufficiency of the evidence that he was intoxicated.  Tubb argues that he could not have been
intoxicated because he stopped for the police when he was pulled over; he was
able to exit his vehicle Awithout a problem@; he did
not exhibit slurred speech when the police encountered him; he Aperformed@ the
field-sobriety tests on Athe portion of the shoulder [to
the road] that sloped downward@; and
Smith testified that even if Tubb had retaken the field-sobriety tests
successfully, he still would have arrested Tubb.  We agree with the State that legally sufficient
evidence exists to support Tubb=s
conviction.








The
State is required to prove every element of an offense beyond a reasonable
doubt.  Tex. Penal Code Ann. ' 2.01
(Vernon 2003).  A person commits the
offense of DWI if the person is intoxicated while operating a vehicle in a
public place.  Id. ' 49.04(a)
(Vernon 2003).

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).








As a
general rule, the testimony of an officer that a person is intoxicated provides
sufficient evidence to establish the element of intoxication for the offense of
DWI.  See Annis v. State, 578
S.W.2d 406, 407 (Tex. Crim. App. 1979) (reasoning that an officer=s
testimony that a person was intoxicated provided sufficient evidence to
establish the element of intoxication); see also Henderson v. State, 29
S.W.3d 616, 622 (Tex. App.CHouston
[1st Dist.] 2000, pet. ref=d)
(stating that the testimony of a police officer that an individual is
intoxicated is probative evidence of intoxication).  Additionally, evidence of intoxication may be
proven by a combination of individual symptoms of intoxication that when taken
individually do not necessarily prove intoxication.  See Cotton v. State, 686 S.W.2d 140,
143 n.3 (Tex. Crim. App. 1985) (noting that evidence of intoxication may
include, among other things, slurred speech, bloodshot eyes, odor of alcohol,
unsteady balance, and staggered gait). 
And in addition to an officer=s
testimony, a jury may consider video of a defendant=s
performance on field-sobriety tests as direct evidence of intoxication.  Paschall v. State, 285 S.W.3d 166, 177
(Tex. App.CFort Worth 2009, pet. ref=d).

In this
case, both investigating officers testified that Tubb was intoxicated.  Smith, who conducted the field-sobriety
tests, said that Tubb had failed both the one-legged-stand and the
walk-and-turn tests.  Both officers
testified that Tubb smelled of alcohol during their initial encounter with
him.  Smith also testified that when he
encountered Tubb, Tubb had Awatery
and bloodshot@ eyes.  Pell testified that Tubb had admitted to
drinking alcohol that evening.  The
officers also found evidence of alcohol consumption in Tubb=s
vehicleCan empty
beer container and a shot glass containing what appeared to be an alcoholic
beverage.  The jury, however, was not
forced to rely solely on the officers=
testimonyCthe video recording of the
detention and field-sobriety tests corroborated the officers=
testimony that Tubb was intoxicated.








Based on
this evidence, a rational trier of fact could have found the essential elements
of DWI beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Having carefully reviewed the evidence under
the applicable standard, we hold that the evidence was legally sufficient to
support Tubb=s conviction for DWI.  See id.  Thus, we overrule his sole point and affirm
the trial court=s judgment.

 

PER CURIAM

 

PANEL:  MEIER, LIVINGSTON, and
DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 5, 2009











[1]See Tex. R. App. P. 47.4.