**Affirmed and Memorandum Opinion filed March 10, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00588-CR

---

**JENNIFER CHRISTINE WAITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Cause No. 1848166**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jennifer Christine Waite of driving while intoxicated. The trial court sentenced appellant to confinement for one year in the Harris County Jail. The trial court suspended appellant's sentenced and placed her on community supervision for two years. Appellant filed a timely notice of appeal. We affirm.

## EXCLUSION OF EVIDENCE

In a single issue, appellant claims the trial court erred in excluding evidence offered by the defense. The record reflects that defense counsel moved to admit as Defense Exhibit 1 a copy of the "JAIL HEALTH PROGRAM INTAKE MEDICAL SCREENING" form utilized by the Houston Department of Health and Human Services. The State objected on the grounds of relevance, hearsay, and improper foundation. The trial court sustained the objection, stating his reason to be relevancy due to the lapse in time between the arrest and when the intake report was done. Appellant complains question three was relevant:

> 3. Has detainee been arrested for driving under the influence (DUI); driving while intoxicated (DWI) and public intoxication AND does the detainee exhibit any unusual behavioral or physical signs consistent with being under the influence of drugs or alcohol or withdrawing from drugs or alcohol? If so, which characteristics are present? **No**

Assuming the trial court did err, its decision to exclude this evidence is subject to a harm analysis for nonconstitutional error. Under this standard, error must be disregarded unless it affects a defendant's substantial rights. Tex. R. App. P. 44.2(b). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no or only a slight influence on the verdict, the error is harmless. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). An appellate court should consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

## THE EVIDENCE

On the night of August 30, 2012, Officer Enloe stopped appellant after observing her perform an illegal turn. Appellant initially handed Enloe the wrong papers when asked for proof of insurance. Enloe testified that appellant smelled of alcohol and had slurred speech. Enloe conducted three field sobriety tests and the jury viewed the videotape of those tests. The first was the horizontal gaze nystagmus test, commonly called HGN. Enloe testified the test can reveal six possible signs of intoxication and she observed all six when conducting the test on appellant. The second test was the "one-leg stand" with a possibility of four signs of intoxication. Appellant showed three of the possible signs. Enloe testified that a failing score is two possible signs. The third test was the "walk-and-turn." There's a possibility of eight signs on this test and when appellant performed it Enloe observed six.[1] Two possible signs of intoxication is a failing score on this test. Enloe testified appellant failed the test. Appellant refused to submit to a breath or a blood test.

Appellant denied having consumed any alcohol that night. Appellant said she had been at an "art crawl." Appellant advised Enloe that she had suffered a concussion three years earlier and that was why she wore glasses. Appellant said that she had not eaten since August 28th due to a new diet regimen. According to appellant, she was not taking any medication but took hormones. During the last field-sobriety test appellant told Enloe that a surgical "tummy-tuck" affected the nerves in her legs and she was "concerned that might affect this."

Appellant's mother, Debra Waite, testified that appellant had suffered a head injury when she was seventeen (appellant was 37 at the time of trial) and that she

---

[1] Although Enloe testified to the number seven, she actually only identified six possible signs.

still has medical issues arising from that incident. Debra testified that appellant has had problems with her legs for a couple of years. Debra testified that she had reviewed the video and that appellant's demeanor was normal for her because of the prior accident. Debra told the jury that in her opinion appellant was not under the influence of alcohol.

A friend of appellant's, Nigel Williams, testified that appellant was at his house on the evening of August 29th until 1:30 a.m. Williams testified that she did not have alcohol while there. Williams also testified that appellant's demeanor and speech on the video were normal for her. Williams said that appellant did not look intoxicated and appeared to have her normal mental and physical faculties.

Appellant was stopped by Enloe at approximately 2:20 a.m. The medical screening form reflects that at 5:40 a.m., Examiner 116287 answered "no" to question three. The qualifications of Examiner 116287 are unknown. Assuming the examiner was aware appellant had been arrested for DWI, the first part of the compound question, the "no" answer to the second part demonstrates, at most, that three hours after Enloe observed appellant and determined that she was intoxicated someone else found appellant did not exhibit "any unusual behavioral or physical signs consistent with being under the influence of drugs or alcohol or withdrawing from drugs or alcohol."

## ANALYSIS

As a general rule, an officer's testimony that a person is intoxicated provides sufficient evidence to establish the element of intoxication. *See Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) citing *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979). *See also Cotton v. State,* 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985) (evidence of intoxication includes slurred speech, odor of alcohol on the person, and unsteady balance). An accused's

refusal to submit to submit to a blood-alcohol test is also relevant evidence of intoxication. *See Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008).[2] In contrast to this evidence and the video is the testimony of Debra Waite and Nigel Williams that appellant was acting normally for her and did not appear intoxicated to them. Williams's testimony that appellant was at his home until 1:30 a.m. was inconsistent with appellant's statement to Enloe on the video that she had been at an art crawl.

We find that in light of the entire record the exclusion of question three on the medical screening form did not have a substantial and injurious effect or influence on the jury's verdict. *See* Tex. R. App. P. 44.2(b). Accordingly, we conclude that the trial court's error, if any, in excluding the evidence was harmless. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/     Marc W. Brown
Justice

Panel consists of Justices Boyce. Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] *See also Lovett v. State*, 14-12-00556-CR, 2013 WL 3243363, at *3 (Tex. App.— Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication).

5